## BELL *et al.* *vs.* THE MAYOR, ETC. OF AMERICUS.

1. Under the constitutional provision prohibiting any municipal corporation or political division of the State from incurring indebtedness without the consent of two-thirds of the qualified voters thereof at an election held for that purpose, the legislature could prescribe the rules by which it could be ascertained whether two-thirds of the legally qualified voters voted in such election, and the act of October 14, 1879, (code, §508,) providing that in determining the question, the tally-sheets of the last general election held in such municipality should be taken as a correct enumeration of the qualified voters thereof, was constitutional, it being also necessary that two-thirds of the qualified voters voting at the election held to determine the question of incurring the indebtedness, should vote therefor in order to authorize it.

2. Where an election was held in a municipal corporation to determine the question of issuing bonds for the purpose of establishing water-works in the city, and 343 votes were cast in favor of such issue and 48 against it, and it appeared that at the last general election held in such municipality prior thereto only 250

votes were cast, there was no error in refusing to enjoin the issuing of bonds on the ground that two-thirds of the legally qualified voters of the city had not ˅oted therefor, especially as there was no suggestion of fraud.

April 27, 1887.

Constitutional Law. Municipal Corporations. Elections. Before Judge FORT. Sumter County. At Chambers, March 12, 1887.

Reported in the decision.

E. G. SIMMONS, E. F. HINTON, for plaintiffs in error.

B. P. HOLLIS; E. A. HAWKINS, for defendants.

BLANDFORD, Justice.

The Mayor and City Council of Americus wished to establish certain water-works in that city for the benefit of the inhabitants, and they directed an election to be held and a vote taken upon the question of whether bonds for that purpose should, or should not, be issued, which was properly advertised. The election was held, and it appeared from the returns that 343 votes were in favor of the issue of bonds and 48 against it. The bill in this case was filed to prevent the issue of these bonds, upon the ground that two-thirds of the legally qualified voters of the city of Americus had not voted for the issue of bonds, although they admitted that two-thirds of the votes at the election had been cast in favor of the same. The court refused the injunction, and this is excepted to.

1. We think the court did right, under the facts and the law, in refusing this injunction. The constitution requires that no such indebtedness shall be incurred by any municipal corporation or political division of this State, without the assent of two-thirds of the qualified voters thereof, at an election for that purpose. It required the assent of two-thirds of the qualified voters to authorize

the issue of bonds. There must be some way by which the managers of the election, or the mayor and council, to whom those managers make their returns when consolidated, may arrive at whether two-thirds of the qualified voters did vote in favor of the issue of bonds. The legislature of 1878-9 passed an act, which is codified in section 508 of the code, by which this may be ascertained. It is there laid down (§508 (1), that in determining the question, the tally-sheets of the last general election held in such municipality shall be taken as a correct enumeration of the qualified voters thereof. Looking to the tally-sheets of the last general election prior to this election, it appears that there were then only 250 votes cast. We think that under the act referred to, the requisite number in favor of the issuing of bonds is at least two-thirds of the number of qualified voters at the preceding election, and also two-thirds of the qualified voters at the election held to determine that question. In this case, the number of votes in favor of the issue of bonds were more than two-thirds of the number cast at the preceding election, and were also more than two-thirds of the votes cast at this election. We think that this is all the law requires.

2. We think it is perfectly competent for the legislature to prescribe a rule by which it can be ascertained whether two-thirds of the legally qualified voters have voted in an election of this kind; we know of no reason why it should be unconstitutional; none is suggested by the argument in this case. And when such a rule is prescribed by the legislature, it must be followed. Besides, in this case there is no suggestion of fraud.

We think, therefore, that the result as declared by the Mayor and Council of the City of Americus is final and conclusive, and that the court could not interfere with it.

Judgment affirmed.