R. R. RUSSELL v. N. J. GREEN, *Treasurer, et al.*

(Filed June 30, 1900.)

1. TRANSIENT PROPERTY—*Taxation of.* Cattle brought into an Indian reservation attached to a county for judicial and taxing purposes, between March 1st and September 1st for the purpose of grazing. are properly taxable in such county for that year.

2. INDIAN RESERVATION—*When Part of County to Which Attached.* An Indian reservation attached to a county for judicial and taxing purposes is in effect a part of the county to which it is attached. for such purposes.

3. PROPERTY OF NON-RESIDENT LIABLE FOR TAXES. All of the personal property of a non-resident within a county of this territory is liable for the payment of all of the personal taxes assessed and levied against him in such county; and an officer holding a tax-warrant against such non-resident for delinquent taxes is not limited to a seizure and sale of the property which was assessed and on which the levy for such taxes was made, but may seize and sell any of the property of such non-resident which he may find in his county which is subject to execution, regardless of whether it is the same property that was assessed and on which the levy was made.

4. NON-RESIDENT—*Effect of Listing Property in Another State.* The fact that a non-reident made out a list of the property which he owned in the territory and which was properly assessable in Pawnee county, and swore to such list before the assessor of Pawnee county at a place in the state of Kansas, will not vitiate the assessment and levy made on such property.

5. "THROUGH CATTLE"—*Taxable When.* An allegation in a petition that certain cattle on which taxes had been levied were "through cattle" is not sufficient to authorize the court to enjoin the collection of such taxes levied thereon when it appears from the face of the petition that the cattle were brought into the territory between March 1st and September 1st, for grazing purposes.

6. INJUNCTION TO RESTRAIN COLLECTION OF TAX DENIED, WHEN. A court of equity will not entertain an application for an injunction to restrain the collection of taxes unless the petitioner offers in his petition to pay that part of the taxes which the court may find to be legal.

(Syllabus by the Court.)

*Appeal from the District Court of Pawnee County; before Bayard T. Hainer, District Judge.*

*M. Fulton* and *C. J. Wrightsman,* for appellants.

*Horace Speed,* for appellees.

Opinion of the court by

BURWELL, J.:   Plaintiff seeks to enjoin the collection of certain taxes levied on cattle brought into the Osage Indian reservation between March 1, and September 1, of the year 1898. A demurrer was sustained to plaintiff's petition, from which order he appeals to this court.

1.   The appellant's first contention is that the cattle were assessed in the state of Texas for the year 1898, prior to the time that they were brought into Oklahoma, and that he so advised the assessor and signed and swore to a statement which he supposed, at the time he signed and swore to it, showed that fact.   As the plaintiff is a non-resident of the territory his cattle are included within the provisions of sec. 1 of the transient property act, and cannot be discharged from taxation under sec. 3 of that act, as sec. 3 only refers to persons who settle in a county and bring property into such county with them, or to associations   or   corporations   which organize   in a county and bring property into such county.   (*Collins & Wallace v. Green, Treasurer, et al.   Lasater & Noble v. Green, Treasurer, et al.   M.   Halff & Bro.   v.   Green, Treasurer,   et   al.* all decided at the present term of this court.)

2.   It is insisted by plaintiff in error that the transient property act of 1895 only provides for taxing property

which is brought into a county of the territory between March 1 and September 1, and has no reference to property brought into an Indian reservation which is no part of an organized county, and that the Osage Indian reservation is not a part of Pawnee county. There is nothing in this contention. The Osage Indian reservation was attached to Pawnee county for judicial and taxing purposes prior to 1898, and for these purposes it was, in effect, a part of Pawnee county, and property brought into that reservation during 1898 was brought into Pawnee county within the meaning of the transient property act. (*Thomas v. Gay*, 169 U. S. 277, *et seq.*, and cases therein cited.)

3.    The appellant next contends that he was at the time these taxes were levied, and still is, a non-resident of this Territory, the taxes involved cannot have the force and effect of a personal judgment against him, but that they amount only to a judgment *in rem*, and can only be collected out of the particular cattle which were assessed, and that those cattle having all been sold and removed from the Territory, and the cattle seized under the tax-warrant being entirely different cattle, the injunction should have been granted. It is true that taxes on personal property are made a lien on such property under certain circumstances, but such lien is not confined to the property from an assessment of which the taxes accrued; it may include other personal property of the taxpayer as well; and in this Territory all of the personal property of a non-resident located within a county may be seized and sold, if necessary, for the payment of personal taxes assessed in such county against the property of such party, regardless of whether or not the taxes

were assessed and levied against the particular property seized. A sheriff is not required to levy a tax-warrant on the particular property out of which the tax arose, but may levy it upon any personal property of the tax-payer found within his county which is subject to execution. A lengthy discussion on this point would serve no good purpose. We therefore content ourselves with stating the above conclusion which, from the statutes and reason, we believe to be correct, without distinguishing the authorities cited by appellant.

4. In this case the owner of the cattle swore to the assessment list in the state of Kansas, and the appellant contends that this makes the assessment void. We do not think so. Appellant was a non-resident, and the assessor could have legally assessed and valued his cattle without hunting him up in another state, and even if the list signed and sworn to by the appellant is absolutely void this will not, under the circumstances of this case, vitiate the assessment. The assessment would have been good without such a statement from the non-resident owner; hence, the making of the affidavit in another state will not change the result, and especially should this be so when it is not claimed that the property was assessed too high.

5. It is next contended that these cattle were what is known as "through cattle;" that they were only stopped off in the Osage Indian reservation so that they could rest and recuperate; that they were to be shipped on to market after they were pastured a short time. This position is taken only for the purpose of evading the true spirit of the transient property act. The petition itself shows that the object and purpose of locating these cattle

in the Osage Indian reservation was to graze them and put them on the market some time during the summer or fall. In other words, the owner intended to fatten them on the grass in the reservation and then market them in the fall. These cattle were properly taxable and the owner cannot evade taxation by calling them "through cattle."

6. The last contention is that art. 2 of ch. 26, p. 218, of the Session Laws of 1899, takes away the power of the taxing authorities to collect these taxes. This position is not tenable. The section referred to is the section which prohibits the authorities from assessing, levying or collecting any taxes in the Indian reservations attached to the different counties for judicial and taxing purposes, except for the territorial and court funds. The plaintiff is in no position to raise this question. He has not tendred payment of even these two funds, and not having offered to pay that which it is clear he owes, a court of equity will not consider as to whether or not a part of the taxes demanded is illegal. (*Collins & Wallace v. Green, Treasurer, et al. Lasater & Noble v. Green, Treasurer, et al. M. Halff & Bro. v. Green, Treasurer, et al. supra.*)

For the reasons herein stated the judgment of the trial court is hereby affirmed at the cost of appellant.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.