TILLEY v. OVERTON, *County Treasurer.*

No. 905.    Opinion Filed July 11, 1911.

(116 Pac. 945.)

1. **SCHOOLS AND SCHOOL DISTRICTS—Levy of Tax—Procedure.** Section 9, art. 10, Constitution, does not provide by whom, when, or by what procedure any tax levied thereunder for school district purposes, that does not exceed five mills on the dollar for any year, shall be levied, and leaves the same to be provided for by legislative enactment.

2. **SAME.** Said section does not provide the procedure for levying a tax for said purposes in excess of 5 mills on the dollar, and not exceeding 10 additional mills, but leaves the same to be provided for by legislative enactment, provided that a tax in excess of 5 mills shall not be levied except on condition that a majority of the voters of the district voting at an election thereon vote for same.

3. **CONSTITUTIONAL LAW — Self-Executing Provisions — School Tax Levy.** That portion of said section authorizing a levy of taxes for school district purposes, supplemented by section 6152 of Wilson's Rev. & Ann. Stat. (section 8045, Comp. Laws, 1909), extended in force in the state upon its admission, is self-executing.

4. **SCHOOLS AND SCHOOL DISTRICTS—Levy of Tax—Election— "Majority of Voters."** Said section 9, art. 10, Constitution, does not require that a levy in excess of 5 mills on the dollar in any year for school district purposes, not exceeding 15 mills, shall receive at an election thereon a majority of the votes of the voters

residing in the district, and requires only that it shall receive a majority of the said voters voting at the election thereon.

5.    **SAME—Annual Meeting—Notice.**   Where such tax was levied at the regular annual meeting of a school district in 1908, section 8051, Comp. Laws, 1909, requiring that notice of the time and place of the annual meeting shall be given by the clerk of the district by posting written or printed notices, does not require that such notice shall state that it was the purpose at said meeting to levy such tax; and failure to give notice of such intention, where the tax was levied at the annual meeting and the regular notice of such meeting as required by the statute was given, does not render the tax invalid.

(Syllabus by the Court.)

*Error from District Court, Greer County; G. A. Brown, Judge.*

Action by D. D. Tilley against Frank M. Overton, County Treasurer.   From an order vacating a temporary injunction, plaintiff brings error.   Affirmed.

*Eagin & Eagin,* for plaintiff in error.

*H. D. Henry* and *Chas. M. Thacker,* for defendant in error.

HAYES, J.   This is an appeal from an order vacating and setting aside a temporary injunction.   When a demurrer to plaintiff in error's petition and motion to vacate and dissolve the temporary injunction was filed in the court below by defendant in error, defendant below, plaintiff obtained leave and filed an amended petition.   The facts upon which he bases his right to an injunction are as follows:   He is a freeholder, property owner and taxpayer in school district No. 13 in Greer county, and defendant is the qualified and acting treasurer of said county.   At the regular annual meeting, held in said school district No. 13 in the year 1908, less than one-fourth of the legal voters of said district attended and participated in the acts of said meeting.   At that time there were more than 40 legal voters resident in the district entitled to vote at the annual elections therein, if such voters had been present and offered to participate.   At the annual meeting in said year the voters present voted to levy a lump sum of 12 mills as the tax levy for the support of the common schools for said district for the current school year of 1908, and

no other or different levy for that purpose for said year' was made either before or since the annual election. No levy of five mills was made by the board of the district, and no notice prior to said annual meeting was given of any purpose to increase the levy for that year above five mills; and none of the voters of the district prior to said meeting had notice that it was the purpose or intention on the part of the district board in said district, or of any one, to levy at said meeting a school tax in excess of five mills. The 12 mills levied by a majority of those voting at the meeting was regularly and duly recorded and returned to the proper authorities of the county and placed on the tax roll and delivered to the defendant for collection, and the defendant is now demanding from the plaintiff and other taxpayers of the district that they shall pay the full amount of said levy of 12 mills upon the assessed valuation of all their property in said district for the support of the schools of that district; and plaintiff prays that he be granted an injunction, enjoining defendant in error as treasurer of the county from the collection of any part of said tax levy, which has been, he alleges, illegally and excessively levied, and to restrain defendant from paying out to the school district board any portion of the moneys paid into and received by him as county treasurer as the proceeds of said illegal and excessive levy.

The propositions of law presented by this proceeding for our consideration can best be approached by stating plaintiff's contentions. He contends: First. That no part of the tax in excess of five mills authorized to be levied by section 9, art. 10, of the Constitution, can be levied by the people of a school district until there has been levied by the board of the school district a direct levy for five mills. Second. That the first five mills which said section authorizes to be levied by a district for the support of its common schools must be levied by the board, and not by a vote of the people. Third. That there cannot be levied by the board and by the people in excess of 10 mills for any one year. Fourth. That any levy above five mills must receive not only a majority of the voters voting at an election

thereon, but a majority of all the voters resident in such district. Fifth. That before any levy can be voted in excess of five mills, notice that an election for that purpose will be held at the annual meeting must be given to the voters of the district before the vote thereon can be taken. Since some of these contentions are related and dependent upon each other, it will not be necessary to consider them all separately.

At the outset, it is necessary to determine the effect of the provisions of section 9, art. 10, of the Constitution, authorizing the levy annually of a school district tax for the support of the common schools. Said section in full reads as follows:

"Except as herein otherwise provided, the total taxes, on an *ad valorem* basis, for all purposes, state, county, township, city or town, and school district taxes shall not exceed in any one year thirty-one and one-half mills on the dollar, to be levied as follows: State levy, not more than three and one-half mills; county levy, not more than eight mills: Provided, that any county may levy not exceeding two mills additional for county high school and aid to the common schools of the county, not over one mill of which shall be for such high school, and the aid to said common schools shall be apportioned as provided by law; township levy, not more than five mills; city or town levy, not more than ten mills; school district levy, not more than five mills on the dollar for school district purposes for support of common school: Provided, that the aforesaid annual rate for school purposes may be increased by any school district by an amount not to exceed ten mills on the dollar valuation, on condition that a majority of the voters thereof voting at an election, vote for said increase."

It will be observed that that portion of the section providing for a school district levy for the support of common schools may be separated in two parts, the first of which authorizes a levy for a district of not more than five mills on the dollar each year. The section is silent as to how this tax may or shall be levied. No attempt is made to define the procedure for its levy, by whom it shall be levied, or when it shall be levied. It authorizes unqualifiedly, without restrictions or limitation so far as the Constitution attempts to regulate it, a levy for school district purposes not more than five mills on the dollar. The second part

of the section following the word "provided" authorizes an additional amount to be levied. That additional amount shall not exceed ten mills on the dollar valuation. The language of this clause is not that the original five mills may be increased by any school district "in an amount not to exceed ten mills," but "may be increased by any school district *by* an amount not to exceed ten mills on the dollar valuation." This language, we think, is not susceptible of the construction contended for by plaintiff in error, that it was intended to provide that the maximum amount that may be levied shall not exceed ten mills. The legislative intent was to authorize first a levy of a tax not to exceed five mills, leaving it to the Legislature to prescribe the manner, time, and by what authority this levy shall be made; but when a levy is to exceed five mills, which is authorized by the second part of the section, then there is placed upon the authority to levy such additional amount the constitutional restraint that it shall not be levied except with the approval of a majority of the voters of the district voting at an election thereon. The additional amount that may be levied under the limitation and restrictions of the second part of the section is ten mills, instead of five mills; and the limitation as to the manner of such levy, which does not occur as to the five mills authorized by the preceding clause, is that it must receive the sanction of a majority of the voters of the district voting at the election, whereas the first five mills may be levied with or without such sanction of the voters as the Legislature may provide. We cannot concur in the construction contended for, that it was intended to require that the first five mills should be levied by the school district board. No such intention finds specific expression in the section; nor do we think that the same exists by implication. This section of the Constitution not only fixes the limitation upon the amount of the tax on an *ad valorem* basis that may be levied for all purposes by the state and its agencies during any one year, but distributes and fixes the amounts that may be levied by the state and its agencies for each purpose. There is provision for a state levy, a county levy, a township levy, a municipal levy, and a school

district levy, but no procedure is provided for the making of any of these levies. All that was intended by these provisions as to the school district tax was that in no event should there be a tax levied for any year in excess of fifteen mills. The first five mills of which may be levied by such authority and under such procedure as the Legislature may from time to time prescribe, and the additional ten mills may be levied in like manner except that such levy shall never be made without the approval of the people of the district as prescribed in the second clause of the section.

The second question that arises is: Was this provision of the Constitution relative to district taxes for school purposes, as supplemented by statutes extended in force in the state upon its admission, self-executing? . Section 6149 of Wilson's Rev. & Ann Statutes 1903, as amended by act of the Territorial Legislature March 1, 1905 (Sess. Laws 1905, p. 363), provides that there shall be held in each school district on the last Tuesday in May of each year at 2 o'clock p. m. an annual school meeting. Notice of the time and place of this meeting is required to be given by the clerk by posting same prior to such meeting in five public places in the district. Special meetings may be called by a majority of the district board, or by a majority of the legal voters of said district, but notice for said special meetings, stating the purpose for which they are called, together with the time and place, is required to be posted for at least 10 days before the meeting.

Section 6152 of Wilson's Rev. & Ann. Statutes (section 8045, Comp. Laws 1909), provides what persons shall be entitled to vote at any district meeting; and section 6154, Wilson's Rev. & Ann. Statutes (section 8056, Comp. Laws 1909), provides that the inhabitants qualified to vote "at a school meeting lawfully assembled shall have power" to do certain things, enumerated in six different paragraphs. The fifth paragraph reads as follows:

"To vote annually a tax not exceeding two per cent on all the taxable property in the district, as the meeting shall deem sufficient for the various school purposes, and distribute the

amount as the meeting shall deem proper in the payment of teach-ers' wages, and to build, hire or purchase a schoolhouse and to keep it in repair and to furnish a site: Provided, that when not included within the limits of a town or village said site shall not contain less than one acre."

The foregoing statutory provision, in so far as it authorizes an annual levy of 20 mills, is in violation of section 9, art. 10, of the Constitution, in that under that section the maximum that may be levied in any one year is 15 mills; but in so far as the statute provides the manner of levy and by whom it shall be made, it is in no wise in conflict with the Constitution. By that statute the people are authorized by vote at a meeting of the district lawfully assembled to levy directly such tax as they deem necessary and sufficient for the various school purposes for any current year. They are authorized by this section to levy by their vote at such meetings not only the first five mills, but all other amounts that may be levied for the district.

The requirements of this statute were followed by the vot-ers of school district No. 13. At the regular annual meeting the voters present voted upon and made the entire levy, and the en-tire levy of that district for the year involved has received the sanction of a majority of those persons voting thereon; and in so far as the tax below five mills was levied by a vote of the people, it was not done against any prohibition of the Consti-tution; and in so far as the tax levied exceeds five mills, it was made and levied by a vote of the people of the district in com-pliance with the mandate of the Constitution. We think it within the power of the Legislature to provide that the first five mills may be levied by the board of the district or by other au-thorities, without requiring or authorizing a vote of the people thereon; but the Legislature had not so provided when this tax was levied. On the other hand, we find an act of the Leg-islature, approved May 19, 1908 (Sess. Laws 1907-08, p. 398), which appears to contemplate that all levies for school district purposes shall be made by a vote of the people in school meet-ings of the district, just as had been done before the admission

of the state; for, by said act, section 1 of an act of the territorial Legislature of 1905 is amended so as to read:

"An annual meeting of each school district shall be held on the first Tuesday in June of each year and at such precincts or polling places as the board may designate, beginning at two o'clock p. m.; provided, however, that for the year nineteen hundred eight said annual school meeting shall be held on the fourth Tuesday in July in order that the new assessment under the constitutional provisions may have been completed before the date of the annual school meeting for the said year of nineteen hundred eight. Notice of the time and place of the annual meeting shall be given by the clerk by posting written or printed notices in five public places in the district prior to said meeting. Special meetings may be called by a majority of the district board, or by a majority of the legal voters of the district, but notice of said special meeting, stating the purpose for which it is called, together with the time and place, shall be posted at least ten days before the meeting, in five public places. Prior to said annual meeting the county clerk shall furnish the district clerk with a certificate of valuation of the property of such district."

By the foregoing amendatory statute, the date for the regular annual meeting of each school district was changed from the last Tuesday in May to the first Tuesday in June of each year, but an exception was made thereto for the year 1908, in that it is provided that the annual meeting for that year should be held on the fourth Tuesday in July, and the purpose of this exception finds expression in the statute in the statement that it is made in order that the new assessment under the constitutional provisions might be completed before the date of the annual school meeting for the said year 1908. It was no doubt in the minds of the Legislature that in order for the people assembled at their annual meeting to make a levy of a tax sufficient to support the schools for the coming year, it would be necessary for them to know the amount of the assessment of the taxable property of the district, made in pursuance of the provisions of the Constitution, which, on account of the late return of the first assessment after statehood probably could not be procured before the date fixed for the annual meeting of that year.

At the special session of the Legislature in 1910, an act was

passed by which a different procedure was prescribed for the levy of the first five mills authorized by section 9, art. 10, Constitution, from that existing theretofore. Sess. Laws 1910, p. 109. The act passed by that session of the Legislature, approved March 17, 1910, creates a county excise board, whose duties it is to meet at the county seat on the last Saturday in July of each year for the purpose of examining the estimates of expenses for the county, for each city and incorporated town, township, and school district; and, after an examination of such estimates and a decision thereon as to the probability of the same being sufficient to meet the reasonable needs of each municipality for the year for which the tax is to be levied, it is made the duty of the board to levy a tax for the respective municipalities not to exceed an amount specified in the act. Under this act it becomes the duty of the excise board, upon the estimates received from any school district, to levy an *ad valorem* tax for the support of the common schools of such district, not exceeding five mills on the dollar. If it be ascertained that five mills on the dollar is not sufficient for the purposes of the common schools in the district for any year, then it becomes the duty of the excise board to call an election in said district for the purpose of permitting the people to vote thereat whether there shall be an increased levy. The general election laws of the state are made applicable to such elections, except in school districts not in cities of the first class. As to school districts not in cities of the first class, it is provided that the election shall be conducted as is now or may hereafter be provided by law.

If there is any doubt as to whether the legislative department, in passing the act of 1908, placed upon section 9, art. 10, of the Constitution, the construction we have here given it, an examination of the act of 1910 will remove such doubt; for it is clear that the legislative interpretation of this provision in the last act was that as to the first five mills, authorized to be levied for school district purposes, the Legislature has power, without any limitations by reason of said section, to designate by whom and under what procedure the same shall be levied, and

may do likewise as to all amounts in excess of said five mills authorized to be levied by that section, except such levy must be made by a majority of the voters of the district; and what was intended to be accomplished by the last act as to school districts not in cities of the first class, was to change the method and procedure of levying the school district tax within five mills from the method prescribed under the law extended in force in the state to that prescribed by said act. It is true that legislative construction of constitutional provisions is not binding upon the courts, when called upon to construe such provisions; but the construction given to this provision of the Constitution by the legislative department is in harmony with our views, and we think it is the correct one.

Section 6154, Wilson's Rev. & Ann. Stat., *supra,* is not locally inapplicable, and, except as to the maximum of taxes that may be levied during any one year, is not in conflict with any provision of the Constitution, and was therefore, except as to the maximum amount of the annual levy authorized by it, extended in force in the state upon its admission by the terms and provisions of the Schedule to the Constitution and of the Enabling Act.

It is not contended that the notice of the time and place of the annual meeting in the district No. 13 for the year 1908 was not given as required by section 1 of the act of May 19, 1908. Sess. Laws 1907-08, p. 398 (section 8051, Comp. Laws 1909). It is contended only that such notice did not state that at said meeting the tax in question would be levied, or state that it was one of the purposes of said meeting to levy such tax; but the statute does not require the notice of annual meetings to state the purpose of said meeting. Such requirement is made only of notice of special meetings. If the tax involved had been levied at a special meeting there would be merit in this contention. Nor is there any merit in the contention that such levy had to receive a majority of all the legal voters residing in the district, regardless of whether they were present and voting at said meeting. The plain language of the Constitution is the best answer to this

contention, which is that an amount above five mills may be levied, not to exceed an additional amount of ten mills, "on condition that a majority of the voters thereof voting at an election vote for said increase." A majority of the voters voting at an election does not mean a majority of the voters voting and not voting at an election. When the levy of the tax in question was directed by a majority of the voters present and voting, it had received the sanction the Constitution requires.

It follows from the foregoing views that the judgment of the trial court should be affirmed.

All the Justices concur.