St. Louis & S. F. R. Co. v. Thompson, County Treasurer, et. al.

Both under the federal and Arkansas rule such evidence became a part of the record. *Blackburn v. Morrison et al.,* 29 Okla. 510, 118 Pac. 402, and authorities therein cited.

The motion to dismiss must be overruled.

All the Justices concur.

---

ST. LOUIS & S. F. R. CO. v. THOMPSON, *County Treasurer, et al.*

No. 2885.    Opinion Filed December 3, 1912.

(128 Pac. 685.)

1.    **TAXATION—Limitation of Amount—Statutory Provision.** By reason of act of the Legislature, entitled ''An act to provide for the levying of taxes on an ad valorem basis,'' etc. (chapter 64, Sess. Laws 1910, p. 109), the county excise board is without power to levy during any one year for township purposes in any township a tax in excess of the amount estimated by the directors of said township as necessary to defray the current expenses of said township during the ensuing fiscal year as approved by the county excise board and an additional amount of ten per cent. thereon for delinquent taxes. Any tax levied by the excise board in excess of such an approved estimate of the township officers and an additional ten per cent. for delinquent taxes is, as to such excess levied, illegal and void.

2.    **SAME.** The foregoing act operates prospectively only, and did not have the effect to render void taxes levied prior to the time said act became effective by school districts under the procedure then prescribed by the statute for levying taxes for school district purposes.

(Syllabus by the Court.)

*Error from District Court, Cherokee County;*
*John H. Pitchford, Judge.*

Action by the St. Louis & San Francisco Railroad Company against J. P. Thompson, county treasurer of Cherokee county, and others. Judgment for defendants, and plaintiff brings error. Affirmed and remanded with instructions.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff in error.

*Huston B. Teehee* and *J. I. Coursey,* for defendants in error.

HAYES, J. In this case plaintiff in error, St. Louis & San Francisco Railroad Company, seeks to enjoin the defendants, who are county treasurer and sheriff of Cherokee county, from collecting from plaintiff the sum of $684.65 as a portion of the taxes levied upon plaintiff's property by various townships and school districts in Cherokee county for the fiscal 'year ending June 30, 1911. Plaintiff contends that the taxes levied are illegal and void, because the same were levied in excess of the estimates made by the authorities of said townships and school districts authorized by law to make estimates of the amount of taxes necessary to defray the expenses of such municipalities for the next fiscal year. The district court in which the action was originally filed granted a temporary injunction, which, on the final trial, was dissolved and judgment rendered against plaintiff.

There is no controversy about the material facts. The assessed valuation of all property subject to an *ad valorem* tax in Park Hill township in said county for the year involved was $691,870. The necessary charges and expenses of said township for said fiscal year, including current expenses, and an allowance for sinking fund and interest, and an additional ten per cent. for delinquent taxes, as shown by the estimate certified by the proper officers of the township to the county excise board is $1,556; but the excise board of the county levied a tax of two and one-half mills, which produces a total tax in the sum of $1,729, or an excess of $185 over the estimate certified to the excise board of the county. Plaintiff owns property in said township of a total valuation of $252,584. The levy as made by the county excise board creates a tax of $631.46 upon plaintiff's property; whereas, if a levy had been made sufficient in amount only to meet the estimate certified to the excise board, the rate of tax on plaintiff's property would have been twenty-five hundredths mills less, and plaintiff's tax in said township would have been $568.31, or a difference of $63.15, which amount plaintiff contends was an excessive levy and made without authority of law. In school district No. 7 in said county the total valuation of the property was $96,679. The levy made by the excise board was three and one-half mills, which produced a sum of $338. The necessary charges

and expenses of said school district for the fiscal year, including the current expenses, allowance for sinking fund, and interest and an additional ten per cent. for delinquent taxes, as shown by the estimate made by the proper officers of the school district and certified to the excise board, is $290, to raise which amount a levy of three mills upon the total valuation of the property in the district would be sufficient; and it is contended, therefore, that the tax levied was excessive to the extent of one-half of a mill on the dollar. The assessed valuation of plaintiff's property in this district is $62,060, and it therefore contends that an excessive levy upon its property in this district was levied in the sum of $31.03. The facts as to the other districts involved are so similar to those of the foregoing mentioned districts that it is unnecessary for them to be set out here in detail. The same principle of law will apply to all of them.

The various levies complained of were made by the excise board of the county under the provisions of an act of the Legislature approved March 17, 1910, which became effective 90 days after its approval (Sess. Laws 1910, p. 109). Section 2 of this act provides that the trustees or directors of each township and the directors of each school district in a county shall make out an itemized statement of the fiscal condition of their respective municipalities and of the estimated need thereof for the current expenses of each for the ensuing fiscal year, including balance on hand, estimated income from the apportionment from the school fund, based on the distribution of the next preceding fiscal year; also an estimate of the amount necessary for current expenses for the ensuing year, including the amount necessary for a sinking fund sufficient to pay at maturity all bonded indebtedness and all interest on outstanding bonded indebtedness, and that such officers of the township or municipality or school district shall publish such estimate in some newspaper published in the township or school district for four consecutive issues, if in a daily paper, and for two consecutive issues, if in a weekly paper; and, if there be no newspaper published in said district, then a copy of such estimate shall be posted in at least five public places within the district or township, and said estimate shall be certified to the ex-

cise board of the county, together with affidavits showing the publication thereof as required by the act.

Section 3 of the act creates an excise board, composed of certain county officers named therein, whose duties it is declared shall be as prescribed by the act.

Section 4 of the act provides that the excise board shall meet at the county seat on the last Saturday in July in each year for the purpose of examining all estimates made to it, and gives to the board power to revise and correct any estimate certified to it, where the amount thereof is in excess of the just and reasonable needs of the municipality for which the estimate was made. When they have approved the estimates, it is made their duty to ascertain the assessed valuation of the property taxed on an *ad valorem* basis in the district or township, and to ascertain the probable income of such municipality from all sources other than *ad valorem* taxation. They are required to add ten per cent. to the estimate as approved for delinquent taxes, and then to levy a tax sufficient in amount to meet such estimate with the ten per cent. added for delinquent taxes. The excise board is given no authority to make the estimate of expenses of the townships or the school districts; nor is it authorized to increase such estimates as made by the municipal authorites. They may investigate them, and, if they ascertain that the estimates are greater than will be necessary for the purposes the statute enumerates, the excise board, before approving them, may reduce the estimates. Its authority to levy taxes to raise funds to meet the estimated expenses each year is granted solely by the statute, and the measure of its power relative thereto must be found in the terms of the statute. The statute contemplates that each year shall take care of itself; that no greater amount of taxes shall be levied during any one year than shall be necessary to take care of the obligations of the municipality, incurred or maturing during that year, which amount shall be fixed by an approved estimate before the tax is levied.

*Wiggins et al. v. A., T. & S. F. Ry. Co.,* 9 Okla. 118, 59 Pac. 248, and *A., T. &. S. F. Ry. Co. v. Wiggins,* 5 Okla. 477, 49 Pac. 1019, are in point, and sustain the contention of plaintiff

that the levy of the tax in excess of the estimate is illegal and void. The statute involved in the foregoing cases authorized the board of county commissioners to levy a tax each year for the purpose of paying the salaries of the county officers, and an additional amount of 25 per cent. thereof to cover delinquent taxes. In each of said cases it was held that the board of county commissioners was without authority to levy in excess of the amount of the salaries for the current year, and the 25 per cent. for delinquent taxes. It is urged by defendants that these cases held the tax involved illegal because the levy was greatly excessive, and that such levies would not have been illegal if the excess had been small. It is true that in the syllabus to the first-mentioned case the court uses the following language:

"And, where a board of county commissioners makes a levy for an amount greatly in excess of this sum, such excess is illegal and upon proper application the collection thereof will be enjoined."

But the court by such language was applying only the law to the facts in that case, for in that case the excess was great; but there is no intimation in the opinion that the levy would not have been held invalid, if the excess had been much smaller. On the contrary, the law is correctly stated in the opinion in the following language:

"The statute only authorizes the commissioners to make a levy sufficient to pay the salaries for that particular year. They are to make an estimate of the amount of money which will be required to pay the salaries for the year, and to this amount they are required to add 25 per cent. as allowance for delinquent taxes. The amount of money which will be required to pay county salaries for a given year, under our present law, can be definitely ascertained. The amount of taxes authorized to be levied is the total amount of the county salaries for that particular year, plus 25 per cent. additional for delinquencies, and the county commissioners have no right, under the law, to levy an assessment for an amount in excess thereof."

The statute involved in the foregoing cases does not fix more definitely the amount of taxes the board is authorized to levy for any year than does the statute in the instant case. In those cases the amount authorized to be levied was the amount of the

salaries of the county officers for the year, plus 25 per cent. additional for delinquent taxes. In this case it is the amount of the approved estimate of expenses, plus ten per cent. for delinquent taxes. The levy of taxes in excess of this amount is not a mere irregularity effecting no injustice, but results in subjecting the property of the taxpayers to the payment of a tax that is void because unauthorized. Plaintiff has offered to pay the legal part of the taxes, and to pay such amount as may be adjudged by the court to be due. It is therefore entitled to the remedy of injunction to prevent the collection of the illegal excessive part of the levy. *Wiggins et al. v. A., T. & S. F. Ry. Co., supra; A., T. & S. F. Ry. Co. v. Wiggins, supra; Collins et al. v. Green et al.,* 10 Okla. 244, 62 Pac. 813; *Russell v. Green et al.,* 10 Okla. 340, 62 Pac. 817.

Section 9, art. 10, of the Constitution, provides that the amount of taxes on an *ad valorem* basis that shall be levied during any one year for school district purposes shall not be more than five mills on the dollar, provided that said annual rate may be increased by any school district by an amount not to exceed ten mills on the dollar valuation, on condition that the majority of the voters of the district voting at an election vote for said increase. Section 1 of the act of the Legislature approved March 17, 1910, *supra,* likewise provides that the amount of taxes levied during any year for school district purposes shall not exceed more than five mills; but, by section 5 of the act, it is provided that if the estimate certified to the excise board for the current expenses of the school district for any year shall be in excess of the amount of taxes that may be derived from a five-mill levy upon the property of such district, and the excise board finds that such excess is reasonably necessary, the board shall enter such facts upon the record of its proceedings, and shall give notice by publication that a special election will be held in the district on the second Tuesday after the first Monday in August next thereafter for the purpose of submitting to the qualified electors of the district the question of making an increased levy, and such election is required to be held under the general election laws of the state. For school districts Nos. 34, 48, and 51 in Cherokee county for the fiscal

year ending July 1, 1911, levies have been extended upon the tax books in excess of·five mills. In district No. 34, the total levy is seven and one-half mills. In districts 48 and 51 it is ten mills. The county excise board at no time entered upon its records its approval of the necessity of a levy in excess of five mills authorized by section 1 of the foregoing taxing act, and did not call any election for the purpose of voting a tax in excess thereof, and no such election was held as is provided by section 5 of the act. It is contended by plaintiff in error that the school tax levied in said districts in excess of five mills is for the foregoing reasons void. It appears from the record that on the 7th day of June, 1910, in each of these school districts the taxes levied therein were voted at the annual school meeting in said district. The act approved March 17, 1910, did not become effective until 90 days after its approval, which was June 15, 1910. Section 9, art. 10, of the Constitution, does not provide by whom, when, or by what procedure any taxes levied thereunder for school district purposes that do not exceed five mills on the dollar for any year shall be levied, and leaves the same to be provided for by legislative enactment. Nor does said section in itself prescribe a procedure for holding elections by which to vote a levy in excess of five mills. But said provision of the Constitution, supplemented by sections 8045 and 8056, Comp. Laws 1909, is self-executing, and a full and complete procedure is provided for levying such taxes. *Tilley v. Overton,* 29 Okla. 292, 116 Pac. 945. And the same could be levied at the annual meeting in the school district held on the·first Tuesday in June of each year.

When on the 7th day of June, 1910, the voters in school districts Nos. 34, 48, and 51 at their annual meeting levied the taxes involved for their respective districts, the act of 1910 had not become effective, and the foregoing statutes were in force, and the districts were authorized at said meeting to levy the tax for the ensuing year. When the act of 1910 became effective on the 15th day of the same month, the tax for said district for the ensuing year had been levied in the manner prescribed by law at the time the levy was made. There is no expressed intention in the act of the Legislature that said act should be given a restrospective oper-

ation. Statutes, as a rule, are to be construed as having a prosspective operation only, unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared in the act, or is necessarily implied from its provisions. *Adair v. McFarlin et al.,* 28 Okla. 633, 115 Pac. 787; *Good et al. v. Keel et al.,* 29 Okla. 325, 116 Pac. 777.

We are therefore of the opinion that the levy made by said districts is valid, and injunctive relief as to such levies was properly denied to plaintiff by the trial court; and to that extent the judgment of the trial court should be affirmed. It is accordingly ordered that the cause be remanded, with instructions to set aside the judgment heretofore rendered, and to enter a judgment enjoining the excessive levies in the different townships and districts made by the excise board of the county in excess of the estimate for expenses approved and an additional ten per cent. for delinquent taxes, and denying to plaintiff any relief as to the levies made in school districts Nos. 34, 48 and 51, and that the costs of this proceeding be equally divided between the parties hereto.

TURNER, C. J., and WILLIAMS and KANE, JJ., concur; DUNN, J., absent, and not participating.