EAKIN *et al.* v. CHAPMAN, COUNTY TREASURER, *et al.*

No. 3168.  Opinion Filed August 25, 1914.

Rehearing Denied September 22, 1914.

(143 Pac. 21.)

1.   **SCHOOLS AND SCHOOL DISTRICTS—School Taxes—Validity of Levy.** In the absence of express legislative authority, the officers of a school district are without jurisdiction to levy a tax upon property without the limits of their school district, and a tax so levied is void.

2.   **TAXATION — Collection — Injunction — Condition   Precedent.** Where a tax is absolutely void, it is not necessary to make a tender for any portion thereof in order to procure relief against the same.

3.   **SCHOOLS AND SCHOOL DISTRICTS—School Taxes—Rate of Levy.** By virtue of section 9, art. 10, of the Constitution, a school district may levy not more than five mills on the dollar for school purposes for the support of common schools. This rate for school purposes may be increased by any school district by an amount not to exceed ten mills on the dollar valuation, by a majority of the voters thereof, voting at an election for said increase.

4.   **SAME—Increase.** Under section 10, art. 10, of the Constitution, for the purpose of erecting public buildings in school districts, the rate of taxation limited in section 9, art. 10, **supra,** may be increased, when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people, and a majority of the qualified voters of such school district, voting at such election, shall vote therefor; but such increase shall not exceed five mills on the dollar of assessed value of the taxable property in such school district.

(Syllabus by Rittenhouse, C.)

Eakin et al. v. Chapman, County Treasurer, et al.

*Error from District Court, Jefferson County;*

*Frank M. Bailey, Judge.*

Action by W. A. Eakin and others against W. J. Chapman, County Treasurer, and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

*Jones & Green,* for plaintiffs in error.

*Harper & Dillard,* for defendants in error.

Opinion by RITTENHOUSE, C. This court held, in *Wade, County Superintendent, v. Eakin et al.,* 31 Okla. 640, 122 Pac. 176; *Tilley v. Overton,* 29 Okla. 292, 116 Pac. 945, that the newly created school district formed out of a portion of school district No. 8, Jefferson county, Okla., on March 7, 1910, was a legally created school district. This ruling, therefore, disposes of a great many questions presented in this appeal. Plaintiffs alleged and proved that they were taxpayers of Jefferson county, and of that part of said county originally included in school district No. 8; that on March 7, 1910, the county commissioners, acting upon an appeal from the county superintendent, created another school district out of a portion of district No. 8; that the majority of the property of the plaintiffs is located in the newly created district; and alleged that that portion located in the newly created school district is not subject to tax for the support of said district No. 8. It was shown in evidence that the newly created school district was formed from a portion of district No. 8 on March 7, 1910; that the school board of school district No. 8 called an election on June 7, 1910, and voted a tax of fifteen mills for school purposes and five mills for building purposes; that the board then certified the result of this proceeding to the county clerk, who extended the same on the tax rolls as a tax for school purposes against the property in the original school district No. 8, which included the property of these plaintiffs located within the newly created school district.

In the absence of express legislative authority the officers of school district No. 8 had no jurisdiction to levy a tax upon porperty not within the limits of their school district, and a tax so levied is void, and the court should have enjoined the proceedings to enforce the collection of such void tax. *Durham, Co. Treas., v. Linderman et al.,* 10 Okla. 570, 64 Pac. 15; *Ham v. Sawyer,* 38 Me. 37; *C., B. & Q. R. Co. v. City of Nebraska et al.,* 53 Neb. 453, 73 N. W. 952; *C., B. & Q. R. Co v. Cass County,* 51 Neb. 369, 70 N. W. 955; *Sioux City Bridge Co. v. Dakota County et al.,* 61 Neb. 75, 84 N. W. 607; *Gilchrist's Appeal,* 109 Pa. 600; *School District v. Polk Borough School District et al.,* 164 Pa. 410, 30 Atl. 299; Cooley on Taxation, 249.

The tax levied against the property within the newly created school district being absolutely void, it was not necessary for plaintiffs to make a tender for any portion thereof in order to maintain an action to enjoin the collection of such void tax.

It is next contended that the levy of fifteen mills for school district purposes, for the support of common schools, and five mills for the erection of public buildings within such school district, is void because in excess of the constitutional limitation. Section 9, art. 10, of the Constitution provides:

" * * * School district levy, not more than five mills on the dollar for school district purposes, for support of common school: Provided, that the aforesaid annual rate for school purposes may be increased by any school district by an amount not to exceed ten mills on the dollar valuation, on condition that a majority of the voters thereof voting at an election, vote for said increase."

This section was construed in the case of *Tilley v. Overton,* 29 Okla. 292, 116 Pac. 945, wherein it was held that the first five mills provided by said section should be levied by such authority and under such procedure as the Legislature might prescribe, and the additional ten mills to be levied in like manner, except that such levy is only to be made upon the approval of the people of the district at an election held for that purpose. The maximum tax which can be levied under the limitation of this section is fifteen mills.

Section 10, art. 10, of the Constitution provides:

"For the purpose of erecting public buildings in counties, cities or school districts, the rates of taxation herein limited, may be increased, when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people, and a majority of the qualified voters of such county, city, or school district, voting at such an election, shall vote therefor."

It will be noted that this section of the Constitution permits a school district to increase the rate of taxation as limited in section 9, art. 10, *supra,* by a vote of the people, not to exceed five mills on the dollar of the assessed value of the taxable property in such school district, for the purpose of erecting public buildings. In the instant case an election was held under sections 8053 and 8056, Comp. Laws 1909 (Rev. Laws 1910, sec. 7785), and fifteen mills was voted for school district purposes, for the support of the common schools, which was within the limitation of section 9, *supra,* and five mills for the erection of public buildings, which was within the limitation of section 10, *supra,* making a total levy of twenty mills, which total levy is within the constitutional limitation and became a fixed charge against plaintiffs' property within school district No. 8 (as changed by the county commissioners), before the Act of 1910 became effective. *St. Louis & S. F. R. Co. v. Thompson, Co. Treas., et al.,* 35 Okla. 138, 128 Pac. 685.

We do not decide whether the 20-mill levy is within the limitation of section 9, *supra,* which limits the total taxes on an *ad valorem* basis, for all purposes, state, county, township, city or town, and school district taxes, in an amount not to exceed in any one year 31½ mills on the dollar, as that question is not presented by the record. We therefore conclude that the court erred in denying to those plaintiffs owning property within the newly created school district, the relief requested.

By the Court: It is so ordered.