McCREARY, *County Clerk, et al.* v. LEE.

No. 6068. Opinion Filed January 5, 1915.

(145 Pac. 777.)

1. SCHOOLS AND SCHOOL DISTRICTS—School Election—Tax Levy—Application of Statute—Municipal Corporations. That part of section 7383, Rev. Laws 1910, which provides that "at the election where it is proposed to vote an additional levy above the five mills herein authorized for school purposes the election shall be held to be a legal election when thirty per cent. of the total number of legal voters living in such school district shall participate therein," applies to each city, whether having a charter form of government or not, and to the board of education in each city.

2. SAME—Tax Rate—Validity of Statute. Said provision is not repugnant to the proviso of section 9, art. 10, of the Constitution, which reads: "Provided, that the aforesaid annual rate for school purposes may be increased by any school district by an amount not to exceed ten mills on the dollar valuation, on condition that a majority of the voters thereof voting at an election, vote for said increase."

3. EVIDENCE—Schools and School Districts—School Election—Registration—Parol Evidence. A taxpayer seeking to enjoin the extension of an additional tax for school purposes, purporting to be authorized by an election held pursuant to Rev. Laws 1910, sec. 7383, supra, upon the ground that 30 per cent. of the legal voters living in such school district did not participate therein, may establish such fact by parol evidence. The law requiring registration of voters in cities of the first class does not apply to such elections.

(Syllabus by the Court.)

*Error from District Court, Bryan County;*

*Jesse M. Hatchett, Judge.*

Action by Lawrence Lee against Henry McCreary, County Clerk of Bryan County, and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Hatchett & Ferguson,* for plaintiff in error.

*J. T. McIntosh* and *McPherson & Cochran,* for defendant in error.

KANE, C. J.   This was a suit commenced by Lawrence Lee, defendant in error, plaintiff below, as a taxpayer, against the plaintiff in error, Henry McCreary and Ed. L. Speairs, county clerk and county assessor, respectively, of Bryan county, for the purpose of enjoining the defendants from extending upon the tax rolls of said county a certain one-mill tax in·addition to the five-mill tax levied by the excise board for the purpose of obtaining funds to run and operate the school in a certain school district in the city of Durant for the fiscal year ending June 30, 1914.   The additional levy, it was alleged, was authorized by a majority of the voters of said district voting for said increase at an election held pursuant to section 9, art. 10, of the Constitution.   Upon trial to the court the relief prayed for was granted, to reverse which action this proceeding in error was commenced.

The extension of the additional tax was enjoined by the court below upon the grounds:   (1)   That 30 per cent. of the qualified electors in the Durant school district did not participate in the said election, as required by section 7383, Rev. Laws 1910; (2) no estimate of the current expenses of the school had been filed with the excise board and examined and approved prior to the time of the election; (3) the taxable valuation of the property in the district had not been determined at the time the election was called, and the excise board and the board of education had no means of determining that the additional levy was necessary.   As stated by counsel for plaintiff in error in their brief:

"There are four propositions of law involved in this appeal as follows:   (1)   Was it necessary for 30 per cent. of the qualified electors in the Durant school district to participate in this election?   (2)   Did 30 per cent. of the qualified electors, as shown by the evidence, participate in the election?   (3)   If

it was ncessarv for 30 per cent. of the electors to participate, and that number did not participate, then is the requirement that 30 per cent. shall participate constitutional? (4) Was it necessary for the excise board to approve the estimate of the school district before the election was called, and, if so, was such approval had?"

In our opinion, it was necessary for 30 per cent. of the qualified electors of the school district to participate in the election before it could be held to be a legal election. The contention of counsel for plaintiffs in error to the contrary is based upon the theory that section 7383, *supra,* does not apply to school districts in cities of the first class. This position is wholly untenable. Section 7383 provides:

"It shall be the duty of the school trustees in each school district to record in a book kept for the purpose, the names of all legal voters within such school district, and at the election where it is proposed to vote an additional levy above the five mills herein authorized for school purposes the election shall be held to be a legal election when thirty per cent. of the total number of legal voters living in such school district shall participate therein."

If this section alone was construed in connection with the general school laws of the state, there might be some room for counsel's contention that it was the intention of the Legislature to confine the application of section 7383 to rural school districts, but the very next section of the same article (section 7384) provides:

"The provisions of this article shall apply to each city, whether having a charter form of government or not, and to the board of education in each city," etc.

With the latter section before us, there can be no possible doubt as to the intention of the Legislature in the premises. On the second proposition counsel for plaintiff in error say:

"The plaintiff showed that there were 1,287 men and women

registered voters in the Durant school district, and that there were perhaps 20 and 30 men and women voters in certain annexed territory. There were 476 voters who participated in the election, more than 30 per cent. of the total number of registered voters and those who lived in the adjacent territory and were not registered. The plaintiff attempted to show over the strenuous objection of the defendants that there were a large number of female voters in the school district, approximately 1,000, who were not registered. If the plaintiff could prove by oral testimony the number of voters in the district not registered, then he proved that the total number of voters in the district was approximately 2,200, and of course 30 per cent. did not participate. We say that it was error for the court to admit this testimony."

We cannot agree with counsel. In *State v. Barnes,* 22 Okla. 191, 97 Pac. 997, it was held that the law requiring registration of voters did not apply to a special election held in cities, but applies to primary and general elections; and, after quoting from the act of the Legislature relative to registration the court says:

"To hold that the registration system provided by the act applies to special election in cities or in counties would be to hold that the Legislature has enacted a law requiring the voter to register before he shall be entitled to vote, and at the same time providing no means or opportunity, during a period of *twenty months out of every two years, for a person, who be-*comes a qualified voter in any precinct subsequent to the last preceding general election, to register for the purpose of voting at any such special election, held during such period of twenty months. In the absence of express language in the act making said provisions applicable to other than primary and general elections for the purpose of nominating and electing state, county, and precinct officers, we conclude that the Legislature had no such intention, and that the registration provided in said act does not apply to the election in this case by reason of any provision of the act."

It seems clear that if the registration books did not apply to such elections that it would furnish no adequate guide as to

the number of qualified electors residing in the district, and that, as the Legislature did not provide a means for determining this question of fact, it was proper to introduce oral testimony so the actual number of voters of such district might be ascertained. As we are of the opinion that 30 per cent. of the total number of legal voters living in such school district shall participate therein, the only other question necessary to decide is the constitutionality of section 7383, *supra.* The part of the Constitution which counsel contend nullifies this section of the statute is the proviso of section 9, art. 10, which reads:

"Provided, that the aforesaid annual rate for school purposes may be increased by any school district by an amount not to exceed ten mills on the dollar valuation, on condition that a majority of the voters thereof voting at an election, vote for said increase."

Section 7383, *supra,* and the other sections of the article of which it forms a part, were enacted for the purpose of vitalizing the foregoing constitutional provision. In our opinion, there is nothing in the act of the Legislature repugnant to the constitutional provision. The Constitution simply provides that, at the election provided for by the Legislature for authorizing an additional levy for school purposes, a majority must vote in favor of the levy. As the constitutional provision is not self-executing, it was the duty of the Legislature to vitalize it, and in so doing it was left entirely free to determine how the election should be held, the time and place, and the manner of holding the same, and what shall be held to constitute a legal election. *People v. Czarnecki,* 256 Ill. 320, 100 N. E. 283; *Boll v. City of Americus,* 79 Ga. 152, 3 S. E. 612. In the latter case it was said:

"The Georgia Constitution provides that no bonded indebtedness for the establishment of certain improvements shall be incurred by any municipal corporation without the assent of two-thirds of the qualified voters thereof at an election for that purpose. *Held,* * * *that, in estimating whether or not two-thirds of the voters had voted in favor of such indebtedness, the

judges of election shall base their calculation on the votes cast at the last previous election, is constitutional."

In our judgment, the Oklahoma statute under discussion is of somewhat similar import. Instead of making the legality of the election turn upon the votes cast at the last previous election, as in Georgia, it provides that the election provided for the purpose of vitalizing the constitutional provision "shall be held to be a legal election when 30 per cent. of the total number of the legal electors shall participate therein."

For the reasons stated the judgment of the court below is affirmed.

All the Justices concur.