### PROTEST OF CHICAGO, R. I. & P. RY. CO.

No. 23525. Opinion Filed Dec. 6, 1932.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for protestant.

Marvin Shilling, Co. Atty., and Stephen A. George, for protestee.

ANDREWS, J. This is an appeal from a judgment of the Court of Tax Review denying two items of a tax protest filed in that court.

The protestant contends that there is no authority of law for making the appropriation of $1,200 which appears to have been made under the heading of "Auxiliary Agencies and Co-ordinate Activities," and that, if there is such authority, the appropriation was improper in that it was not itemized, as required by the provisions of section 12677, O. S. 1931 (section 9698, C. O. S. 1921). In support thereof it is contended that there is no statute authorizing the making of the appropriation. The ap-

propriation is authorized by the general statutes authorizing appropriations for the conduct of schools.

The amount of the appropriation was $1,200, and that amount, with the other items, aggregated $168,646 for current expense purposes of the school district. We cannot say that the amount of the protested appropriation is so disproportionate to the aggregate amount appropriated for current expense purposes as to require further itemization.

Some question is presented as to the use to which the amount appropriated is to be put. It appears from the briefs and record that it is to be used for the payment of the salary of a teacher of vocational education as a part of the program adopted by the state board of vocational education. As such, the appropriation was authorized.

The question as to whether or not that teacher is authorized to teach persons over the age of 21 years is not presented by the record. An appropriation for the salary of a teacher may be made even though a part of the duties of the teacher are to teach those not entitled to instruction under the school laws of this state.

The qualified voters of school district No. 27, at an election held for that purpose, authorized a levy of 4.69 mills for a building fund, pursuant to the provisions of section 10, art. 10, of the Constitution, and the excise board made an appropriation and fixed the rate of levy in accordance therewith. That levy was protested on the grounds that section 10, supra, is not self-executing and that it has not been vitalized by the Legislature.

No authority is cited in support of the contention that the section is not self-executing, but it is contended that the construction of secion 9, art. 10, of the Constitution, in Tilley v. Overton, 29 Okla. 292, 116 P. 945, and McCreary v. Lee, 45 Okla. 201, 145 P. 777, should be applied to section 10, supra. We think that the provisions of section 10, supra, are more like the provisions of section 27, art. 10, of the Constitution, than they are like the provisions of section 9, supra. Section 27, supra, was held to be a grant of power to the people of the municipalities of this state named therein, complete in itself, and needing no legislation to put it in force in Williams v. City of Norman. 85 Okla. 230, 205 P. 144. See, also State ex rel. Edwards v. Millar, Mayor, 21 Okla. 448, 96 P. 747; Town of Afton v. Gill, 57 Okla. 36, 156 P. 658, and Dunagan v. Town of Red Rock, 58 Okla. 218, 158 P. 1170. We see no reason why that rule

should not be applied to section 10, supra, and we, therefore, hold that section 10, supra, is a grant of power to the people of the municipalities of this state named therein, complete in itself, and needing no legislation to put it in force.

The judgment of the Court of Tax Review is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.