WALKER v. OKLAHOMA TAX COMMISSION.

No. 31653. Oct. 9, 1945.

Rehearing Denied Dec. 11, 1945.

*164 P. 2d 242.*

208

V. J. Bodovitz, of Oklahoma City for plaintiff in error.

E. L. Mitchell and C. W. King, both of Oklahoma City, for defendant in error.

BAYLESS, J. In 1942 E. A. Walker filed a return to the Oklahoma Tax Commission for income tax purposes on his 1941 income. Thereafter, this return was audited, and a notice was given him of a proposed assessment of additional tax thereon. He filed a written protest, but on hearing his protest was overruled, the additional assessment was made, and this appeal resulted.

In his return he took as a deduction a loss equal to the cost of an oil and gas lease in Texas. He did this on authority of Natural Gas Dev. Corp. v. Oklahoma Tax Com., 188 Okla. 557, 111 2d 483. See, also, In re Claim of Terminal Land Co., 191 Okla. 549, 131 P. 2d 743. The commission points out that these decisions related to returns filed in 1937 and 1938, when section 9(d), ch. 66, art. 6, S.L. 1935, controlled, and its pertinent provisions read: " . . . in the case of taxpayers other than a resident of this State, losses shall be limited to those transactions in . . . property . . . having an actual situs in this State,

. . . " which would justify Walker's position were it not for the fact that in 1941 the above act was amended by eliminating the language above quoted. The commission argues, and correctly, that there was no statutory basis for this deduction when Walker took it, and the decisions above are of no aid to him. It should be borne in mind in connection with this point, as well as the others to be discussed hereafter, that Oklahoma undertakes to tax the income only from property owned or business transacted in Oklahoma. 68 O.S. 1941 § 876.

The other items will be discussed together. In the return under consideration Walker showed certain items of income ($43,673.55, dividends from corporations, and $15,855.89, interest on obligations of the United States) and took as a deduction $20,967.43 federal income tax, and he also took the full personal exemption of $1,700 allowed to married taxpayers of his marital status. The commission asserted that an audit disclosed that he paid in 1941 on his 1940 income of $57,540.31 a federal income tax of $17,916.07. It is the contention of the commission that of the $57,540.31 income reported and paid on as mentioned, $38,361.94 (consisting of dividends from corporations, $35,822.61, and interest on United States obligations, $2,539.33) or 66.6697%, is income not taxed under our law, 68 O.S. 1941, §§ 880(c)(1) and 882(a); and therefore Walker is not entitled to deduct in respect thereto the federal income tax. This is said to be by reason of the language of section 880(c)(1) allowing a deduction from gross income of "taxes paid within the taxable year, except: (1) Federal income . . . taxes paid on income not taxed under this Act or prior income tax laws." As pointed out, Walker reported federal income tax paid, $20,967.43, but he was allowed later a refund that reduced this to $17,916.07. The commission disallowed 66.6697% of this, and adjusted this item so as to allow as a deduction for federal income tax the sum of $5,971.48. As we understand the issues, there is no dispute concerning the correctness of the

calculations in the figures used by the commission, but the controversy arises wholly out of the law governing the items before us.

Walker contends first that a consideration of the language of the several sections of 68 O. S. 1941 discloses that this $35,822.61 was income taxed under this act. Section 877 defines "net income" to be "gross income" less "the deduction allowed." Section 878 defines "gross income" to include dividends and interest, and he showed in his return at the place specified these types of income, including the items now in controversy. Section 880 specifies the "deductions from gross income" (and it is in this section that the language relied on by the commission appears). He then calls attention to section 876, which levies the income tax on "the entire net income" of the taxpayer, and asserts that this term is what is meant in section 877, supra, as "net income." Thus, he says the dividends from corporations, as specified in section 882, and the interest on federal obligations are included in the "net income" or "entire net income," and are taxed under the act. In reaching this conclusion he does not allude to the fact that, while these items of income appear in their proper place in the income schedule of his return (which is on a form prepared by the commission) and reflect their influence on "net income" shown as the difference between "total income" and "total deductions", these identical items are then subtracted from "net income" on this form to arrive at the "net income taxed." In so many words, he does not contend that he paid any tax to Oklahoma on interest received from federal obligations. His argument amounts to a play on words. If he is permitted to arrange the sections of our statutes to suit his theory, as he has done in his brief, and we then ignore other facts, as he has done, his position can be easily sustained. We decline to hold with him.

He argues that although the dividends received from corporations are taxed in the sense argued above, they are also income taxed in Oklahoma because the corporations from whom he received the dividends paid an income thereon. We think this is beside the point. It is his income that is now being returned and taxed. The state has said to him, we will not tax dividends received from corporations within the definition of section 882 (a), but it you pay a federal income thereon we will not grant a deduction from your income on account thereof. This was income that arose in Oklahoma by reason of its classification, and Oklahoma need not have allowed it as a deduction in the first instance. In the second place, Oklahoma need not recognize the payment of federal income tax as an item of deduction in arriving at the taxable income in our scheme. Walker's position is this: He is entitled to deduct these dividends from his income in arriving at the taxable net income, and if he must pay a tax thereon to the federal government, he is entitled to a deduction for that. This he says he is entitled to because the money he received, although not taxed to him, was taxed while in the hands of some one else. We reject this contention also.

Much of what we have just said applies to the interest on federal obligations. We do not tax this, allowing full deduction therefor. The federal government does tax it. Our inhibition against affecting this specific income is complete. When we come to determine what allowances, if any, in the way of money expended we are going to allow as deductions to our taxpayers, we need not allow any credit for any paid to any government. In fact, Oklahoma can adopt a system of income tax that allows no deductions in the nature of expenses or expenditures. 27 Am. Jur. 360, §§ 93 et seq. The cases cited by Walker wherein various state taxing schemes have been held ineffective to reach the income from federal obligations have no application here. As we have pointed out, although interest from federal obligations (and dividends from corporations within a defined class) is reported, this interest (and dividends also) is later entirely deducted from

the total income reported so that there can be no serious contention that Oklahoma taxes such income. It is not taxed directly or indirectly by this method. But to attempt to carry this further and say that the money representing the income tax paid on such income to the federal government is also impervious to our power to tax by mandate of the Federal Constitution is wholly unauthorized and unsupported. What we said in McCutchan v. Oklahoma Tax Com., 191 Okla. 578, 132 P. 2d 337, applies to an extent to this issue, and wholly covers and disposes of Walker's complaint about the apportionment of his personal exemption because of these factors.

The order appealed from is affirmed.

HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur. GIBSON, C.J., dissents.