AKIN v. GORDON et al.

No. 32113. Sept. 17, 1946.

*172 P. 2d 614.*

Randall Pitman, of Shawnee, for plaintiff in error.

John T. Levergood, of Shawnee, for defendants in error.

HURST, V.C.J. This action was commenced by Sam Gordon and R. J. Schuman, plaintiffs, against Lew H. Akin and others as defendants to quiet title to an eighty (80) acre tract of land in Pottawatomie county. Akin is the only defendant who filed an answer.

In his answer, Akin alleged that the plaintiffs claim title under a resale tax deed, that there were no taxes due at

the time the land was sold at the annual sale in 1933, and that there were several other defects in the resale proceedings which rendered the resale void. He denied that there were any taxes due, but tendered into court all taxes, penalties and interest legally charged against the property in the event the court should find any due. After the answer was filed, the plaintiffs filed a motion to require the defendant to comply with the tender statute by paying the money into court. Thereafter, the court entered the following order:

"Now, on this 6th day of September, 1944, the same being one of the regular judicial days of this court, the Motion of the plaintiffs to strike the Separate Answer of the defendant, Lew Akin, comes on for hearing, the plaintiffs appear by and thru their attorney of record, John T. Levergood, and the defendant, Lew Akin, appeared by and thru his attorney of record, Randall Pitman, and announced ready for a hearing on said motion.

"And, the court having examined the pleadings, files and court docket in said cause finds that heretofore and on the 18th day of May, 1944, the defendant, Lew Akin, filed his Separate Answer in this cause seeking affirmative relief, and that thereafter and on the 19th day of May, 1944, the plaintiffs herein filed their motion to require said defendant to make his tender good by paying into court the taxes, penalties, interest and costs in compliance with the provisions of Section 12761, O.S. 1931, and that on the 16th day of June, 1944, a hearing was had upon the said motion of the plaintiffs to require the defendant, Lew Akin, to make his tender good, and that said motion was by the court sustained in all things and the defendant, Lew Akin, ordered and directed to tender the taxes, penalties, interest and costs into court within ten (10) days, to all of which the defendant excepted and exceptions were by the court allowed. And that thereafter and on the 26th day of June, 1944, the said defendant, Lew Akin, filed his Motion for Additional Time in which to make said tender as required by the court, and on the 30th day of June, 1944, the said defendant, Lew Akin, was given thirty (30) days additional time from that date to make said tender good, and the court further finds that the time heretofore granted by this court to make said tender good, as required by the order of this court aforesaid, has long since expired and no other or further extension of time has been granted by this court, and that the defendant, Lew Akin has wholly failed, neglected and refused to make said tender of the taxes, penalties, interest and costs, and that his answer heretofore filed in this cause on the 18th day of May, 1944, should be stricken and his defense to plaintiffs' cause of action dismissed.

"It is therefore ordered, adjudged and decreed, by this court that the Motion of the plaintiffs to strike the Separate Answer of the defendant, Lew Akin, be, and the same is hereby sustained and the same is hereby stricken from the files in this case, and the defense of the defendant to plaintiffs' cause of action is hereby dismissed, to all of which the said defendant excepts and exceptions are by the court allowed."

From said order, Akin has appealed by transcript, incorporating in the transcript a journal entry showing judgment by default entered on September 22, 1944, quieting the plaintiffs' title against all defendants.

The question presented is whether the court committed error in requiring Akin to pay into court before the trial the amount of taxes, interest, penalties, and costs, and in striking the defendant's answer and dismissing his defense for failure to comply with said order.

The defendant argues that, since he denied that there were any taxes due and pleaded the statute of limitations, it was not necessary for him to comply with the tender statutes, and that, in any event, the trial court abused his discretion in ordering him to pay the amount of taxes due into court and in striking his answer and dismissing his defense. He relies upon Hill v. Henry, 190 Okla. 413, 124 P. 2d 405; Welch v. Ayres, 190 Okla. 97, 121 P. 2d 576; Taylor v. Trow, 191 Okla. 485, 131 P. 2d 79; Lawyer v. Crowe Coal Co., 196

Okla. 466, 166 P. 2d 1009, Lane v. Bass, 193 Okla. 682, 146 P. 2d 563, and 12 O. S. 1941 §309. Section 309 provides:

"When a tender of money is alleged in any pleading, it shall not be necessary to deposit the money in court when the pleading is filed, but it shall be sufficient, if the money is deposited in court at trial, or when ordered by the court."

The plaintiffs argue that the requirement of 68 O.S. 1941 § 453 that the former owner tender in "open court" the amount of taxes, etc., due when he brings an action or pleads a defense attacking the tax title, and that upon his failure to do so his action or defense shall be dismissed, means that he must pay the money into court, and not merely plead tender. They also argue that under 12 O.S. 1941 §309, relied upon by defendant, the court had the right to order the money paid into court prior to the trial.

Our attention is called to no case deciding the precise question presented by this appeal, though we have many times considered the tax tender statutes, 68 O.S. 1941 §§360, 453, and 455. Section 360 requires that the true and just amount of taxes due, if in dispute, "must be ascertained and paid before the judgment prayed for". Section 453 requires that the party attacking the deed "tender in open court" all taxes, penalties, interest, and costs due. Section 455 provides that no action to avoid a tax deed shall be commenced "until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the party commencing such action."

It is not enough that the party contesting the validity of a tax deed plead tender by offering to pay the amount due, but there comes a time when he must make good his tender. The fact that he is required to make payment before judgment may be rendered in his favor, as required by 68 O.S. 1941 §360, or that it is ordinarily sufficient that he deposit the money in court "at trial", as provided in 12 O.S. 1941 §309, does not mean that the court, in order to insure the good faith of the party in pleading tender or to protect the opposite party, may not order the money deposited in court prior to the trial. Section 309 specifically authorizes the court to order the money deposited in court at another time. And we think section 453 gives the court authority to require the party making the tender to produce the money in "open court" at any time after he has, in his pleading, assailed the tax title of the opposite party, and to dismiss his action or defense if he fails to comply with the order. The court may do this in order to be assured that any judgment he renders may be effective, and that he may not spend the effort and time trying the case only to find that the party, if he is entitled to judgment, will not or cannot comply with his tender.

The order appealed from recites that a hearing was had on June 16, 1944, resulting in the order of that date requiring the defendant to make good his tender within 10 days. The order of June 16th is not in the record, and it does not appear that the court found the amount of taxes due. Since the appeal is by transcript, we are not advised whether evidence was introduced or what record was made, but the court evidently found that there were taxes legally due. The defendant acquiesced in this finding by thereafter asking for and receiving additional time to comply with the order. He does not now assert that there were no taxes legally due.

We cannot say that the court committed error or abused his discretion in ordering the money deposited in court and in dismissing the defense for failure to comply with the order to deposit the money due in court.

Judgment affirmed.

GIBSON, C.J., and RILEY, BAYLESS, WELCH, and DAVISON, JJ., concur.