DARBY v. OKLAHOMA TAX COMMISSION.

No. 33294.   Jan. 25, 1949.

Rehearing Denied Feb. 15, 1949.

*202 P. 2d 978.*

Martin, Logan, Finney & Stanton, of Tulsa, for plaintiff in error.

C. W. King, General Counsel, and R. F. Barry, both of Oklahoma City, for defendant in error.

LUTTRELL, J. J. F. Darby, as plaintiff, brought this action against the Oklahoma Tax Commission to recover gift taxes paid under protest. The trial court denied recovery, and plaintiff appeals.

The facts are stipulated. From the stipulation it appears that Darby, a resident and citizen of the State of Oklahoma, in the year 1945 made a gift to the Trustees of Iowa College, a nonprofit educational organization, incorporated under the laws of the State of Iowa, and not conducting or carrying on any educational work in the State of Oklahoma. Plaintiff duly filed his return for the calendar year 1945, and claimed exemption from the imposition of any tax on the gift under the law then in force, 68 O. S. 1941 §1043 (a) (1). The Tax Commission denied the exemption, plaintiff paid the tax under protest, and brought this action to recover the amount of the tax. Plaintiff made a like gift to the same donees during 1946, upon which his claim for exemption was likewise denied, and upon which he paid the tax under protest. By stipulation of the parties the taxes so paid on both gifts were held in suspense by the Tax Commission pending the determination of this action, and it was agreed that the determination of this action should also determine the right of Darby to recover taxes paid under protest on the 1946 gift.

Darby contends that he was entitled to exemption from the tax by the provisions of 68 O. S. 1941 §1043. That section reads as follows:

"The term 'taxable net gifts' means the total amount of gifts made during the calendar year, less the following:

"(a) The amount of all gifts made during such year by a resident of Oklahoma to or for the use of:

"(1) Institutions, fraternal societies, associations, funds, trusts or corporations which may be organized and existing and actually engaged in carrying out benevolent, charitable, educational or religious purposes.

"(2) Posts or organizations of war veterans, or auxiliary units or societies of any such posts or organizations, if such posts, organizations, units or societies are organized and existing in this State and if no part of their net earnings inure to the benefit of any private shareholder or individual.

"(3) In the case of all gifts, other than those specifically exempt under the terms of this Act, made to each individual, institution or organization, by the donor, resident of Oklahoma, during the calendar year 1941 and subsequent calendar years, the first two thousand five hundred dollars ($2,-500.00) of such gift to such donee shall not be included in the total amount of gifts made during such year."

In support of his contention he relies principally upon Sage's Executors v. Commonwealth, 196 Ky. 257, 244 S. W. 779, holding that where the statute is plain, clear and unambiguous, an exemption of property devised to a nonresident donee or legatee from the inheritance tax of that state would be upheld regardless of the fact that the legatee was a nonresident. He cites other cases holding that where the statute is plain and unambiguous it will be given the meaning which its plain terms denote, and that there is no room for construction.

The Tax Commission contends that the exemption provided does not apply to nonresident corporations or institutions, but by reasonable implication applies only to donees who are residents of or incorporated in this state. It relies principally upon In re Park College, 170 Okla. 132, 39 P. 2d 105, holding that property of a nonresident educational institution located in the State of Oklahoma was not within the ex-

emptions from taxation contained in article 10, section 6, of our Constitution. In that case Park College owned certain lands in the State of Oklahoma, and contended that said lands were exempt from ad valorem taxation because the income therefrom was used exclusively for schools and colleges. The commission also relies upon In re Noble's Estate, 183 Okla. 148, 80 P. 2d 243, in which the Board of Home Missions and the Board of Relief of the Presbyterian Church, neither of which boards were organized under the laws of the State of Oklahoma, were held not to be entitled to exemption from the inheritance tax, 68 O. S. 1941 §989, because the work carried on by them was purely charitable. The commission also calls attention to Morgan v. Atchison, T. & S. F. Ry. Co., 116 Kan. 175, 225 P. 1029, 34 A. L. R. p. 625, holding that exemption from taxation, in the absence of express language denoting such intent, does not extend to non-residents of the state. An exhaustive note on the subject is found in 34 A. L. R. p. 681, note 6.

In Re Noble's Estate, supra, the inheritance tax law involved exempted bequests to only such charitable, educational or religious institutions as were incorporated or operating under the laws of this state. In that case the rule governing exemptions in inheritance tax laws of bequests to foreign corporations is stated as follows:

"A bequest to a foreign corporation is not exempt from payment of the legacy tax, although such corporation, by reason of its character as a charitable, religious or educational institution, is exempt from taxation in the state of its domicile, . . ."

That seems to be the general rule in regard to exemptions to inheritance taxes. But we think there is a substantial distinction between inheritance tax laws, such as are considered in the cases supporting the rule above announced, and the gift tax law under which Darby's gifts were made in the instant case.

Statutes imposing inheritance taxes impose a tax upon each legacy or distributive share of the estate. 28 Am. Jur. p. 9, §4; 61 C. J. p. 1686, §2546. An inheritance tax is a tax imposed upon the right of the devisee to receive the property devised to him. 28 Am. Jur. p. 12, §9; 61 C. J. p. 1595, §2342. Such taxes are in fact taxes assessed against the devisee or legatee, so that in effect an exemption of a legacy or devise to a foreign corporation or institution is a grant of an exemption to that corporation or institution, and the general rule seems to be that a state will ordinarily deny an exemption from taxation to a nonresident of that state. In re Park College, supra.

Such statutes are not applicable to and do not subject to taxation gifts or transfers made during the lifetime of the owner and not in contemplation of death. 61 C. J. p. 1654, §2459. And clearly the gifts involved in the instant case fall within that class, and the gift tax law was enacted for the purpose of taxing such gifts, which had theretofore escaped taxation. But the distinguishing characteristic between bequests or devises taxable under inheritance tax laws, and gifts made under our gift tax law, is that the taxes on the first class are paid by the donee, whereas the taxes on the second are paid by the donor.

Thus in the instant case the gifts were made by Darby in his lifetime, and by 68 O. S. 1941 §1045, he was required to make returns showing the gifts, and to pay the tax imposed by the Act to the Tax Commission. Thus the exemption was an exemption to Darby, a resident of the state. The nonresident donee was not required to pay any portion of the tax, and was not liable therefor, except a secondary liability in case of nonpayment of the tax by the donor as provided in section 1046. The whole burden imposed by the law rested upon Darby. He could make gifts to whomsoever he pleased of such property as he desired, charged with knowledge that under the law gifts

made to certain individuals or institutions would be subject to a tax which he would have to pay, and that other gifts so made by him would be exempt from taxation. And the statute exempting gifts to educational organizations, charitable organizations and the like contained no limitation of the exemption to organizations within the state, as did the inheritance tax law construed in the Noble case, supra. No authority is cited in the briefs which involves the construction of a similar statute, and we have found none. But we are convinced that the decisions of this court in the Park College case and the Noble case did not establish a rule of statutory construction which would authorize this court to import into subdivision (a)(1) of section 1043 a limitation to organizations existing in, or incorporated in, this state. Nor are we justified in assuming that the Legislature intended, because of these decisions, with which it was presumed to be familiar, to so limit the exemptions specified in that subdivision.

Section 1043, supra, was amended (S. L. 1947, p. 460, §2, 1947 Cum. Supp. Title 68, §1043) so that the exemption therein provided was limited or confined to gifts to institutions, fraternal societies, associations, funds, trusts or corporations "which are domiciled in Oklahoma, and actually engaged in carrying out benevolent, charitable, educational, or religious purposes within this State."

The Tax Commission argues that this amendment was adopted for the purpose of clarifying or making plain the meaning of the provision in the 1941 law, supra; that the Legislature is presumed to have known of the decisions in the Park College and Noble Estate cases, and because of the filing of plaintiff's action was cognizant of the fact that there was a dispute as to the proper interpretation of the law, and that therefore its purpose in adopting the amendment was to clarify that which

was previously doubtful. We are unable to agree with this contention.

The Park College case and the Noble Estate case are, in our judgment, of little, if any, value in arriving at a proper construction of the exemption provisions contained in the 1941 law, for the reasons heretofore stated. The inclusion in subparagraph (a)(2) of section 1043 of the limitation upon gifts to organizations of war veterans, whereby the exemption was limited to gifts to such organizations "existing in this state," indicates, we think, that the Legislature did not intend to so limit gifts to educational, charitable or religious organizations. The amendment in 1947 indicates that the Legislature concluded that the same limitations should apply to gifts to such organizations, and therefore added to that portion of section 1043 a limitation which had not theretofore been imposed upon gifts to such organizations. The language of subparagraph 1 of section 1043, supra, is plain, unambiguous and clear, and where a statute is plain and unambiguous an amendment indicates an intention on the part of the Legislature to change or alter the law rather than to clarify it. Plummer v. Davis, 169 Okla. 374, 36 P. 2d 938; Magnolia Pipe Line Co. v. Oklahoma Tax Commission, 196 Okla. 633, 167 P. 2d 884.

Subparagraph (a)(1) of section 1043, prior to its amendment, exempted from the gift tax the gifts made by plaintiff. While the exemption statute is to be strictly construed against the exemption, the language is plain and unambiguous, so that there is no room for construction. Board of Equalization v. Bonner, 185 Okla. 431, 93 P. 2d 1077. It follows that the trial court erred in denying the relief sought by plaintiff.

Reversed, with directions to render judgment for plaintiff.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, CORN, GIBSON, HALLEY, and O'NEAL, JJ., concur.