Wanda Rose NEUMANN, Appellant,

v.

TAX COMMISSION of the State of
Oklahoma, the State of
Oklahoma, Appellee.

No. 49197.

Supreme Court of Oklahoma.

May 8, 1979.

Speck, Philbin, Fleig, Trudgeon & Lutz, by Donald R. Philbin, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Donald B. Nevard, Gen. Counsel, Stanley J. Alexander, Clyde E. Fosdyke, Oklahoma City, F. Karen Grethen, Purcell, for appellee.

WILLIAMS, Justice.

This is an appeal by Wanda Rose Neumann, hereinafter called Taxpayer, from an order of the Oklahoma Tax Commission which sustained an assessment of additional income taxes for the year 1971. The question presented is whether the method of apportioning personal exemptions and deductions set out in 68 O.S.1971, Sec. 2358(B)(3) is arbitrary and unreasonable. It is conceded that the Commission followed the letter of the law with regard to that sub-section. It provides as follows:

In the case of resident individuals having adjusted gross income from sources both within and without the state, the itemized or standard deductions and personal exemptions shall be reduced to an amount which is the same portion of the total thereof as Oklahoma adjusted gross income is of adjusted gross income.

Taxpayer had income from both within and without the state in 1971, as well as interest on federal obligations. The principle of apportioning personal exemptions and deductions to arrive at a taxable income, where the taxpayer has income from both within and without the state, is well settled. In *Walker v. Oklahoma Tax Commission*, 196 Okl. 207, 164 P.2d 242, this Court held in the third paragraph of the syllabus:

The State may classify persons and the origins of their incomes, *and may apportion deductions or exemptions*, provided the classifications and apportionment are *reasonable* and related to the object of taxation. (Emphasis added).

The problem presented by this appeal arises because Taxpayer as has been stated had income consisting of interest on federal obligations. Oklahoma does not levy an income tax on such income. In this connection see 31 U.S.C.A., Sec. 742, which provides as follows:

Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority. This exemption extends to every form of taxation that would require that either the obligations *or the interest thereon*, or both, be *considered, directly or indirectly, in the computation of the tax*, except nondiscriminatory franchise or other non-property taxes in lieu thereof imposed on corporations and except estate taxes or inheritance taxes. (Emphasis added).

■ Under 68 O.S.1971, Sec. 2353(11), "Adjusted gross income" means "adjusted gross income" as defined in the Internal Revenue Code. Since interest on federal obligations is subject to the federal income tax, "adjusted gross income" includes interest on federal obligations. Under Sec. 2353(13) "Oklahoma adjusted gross income" means "adjusted gross income" as reported to the federal government but "adjusted further as hereinafter provided". The "further adjustment" is found in Sec. 2358, which requires, among other things, that amounts that the state is prohibited from taxing by the U.S. Constitution, the Oklahoma Constitution, or federal or state laws, be deducted from "adjusted gross income" in arriving at "Oklahoma adjusted gross income."

For all of these reasons, the phrase "Oklahoma adjusted gross income", as used in Sec. 2358(B)(3), quoted in the first paragraph of this opinion, does not include interest on federal obligations, but the phrase "adjusted gross income" does include such interest.

■ We hold that, in the application of Sec. 2358(B)(3), income consisting of interest on federal obligations must first be deducted from federal adjusted gross income before determining the percentage to which Taxpayer Neumann's personal exemptions

and deductions must be reduced in the computation of her 1971 Oklahoma income tax.

A contrary construction would be an unreasonable and arbitrary one. In construing tax statutes susceptible of more than one interpretation, we will adopt the one free from discriminatory effect, that is one which will not "operate to the advantage of some taxpayers and to the disadvantage of others." Such statutes will be construed most strongly against the State and in favor of the taxpayer absent discriminatory effect on the rights of other taxpayers. *Magnolia Pipe Line Co. v. Okl. Tax Comm.*, 196 Okl. 633, 167 P.2d 884, 887 (1946).[1]

The appealed order is vacated and the cause is remanded to the Oklahoma Tax Commission with directions to compute Taxpayer's 1971 Oklahoma income tax in accordance with the views herein expressed.

LAVENDER, C. J., IRWIN, V. C. J., HODGES, BARNES, SIMMS, HARGRAVE and OPALA, JJ., and CORNISH, Special Justice, concur.

DOOLIN, J., disqualified.

---

1. Determination of question of constitutionality of statute, even if in serious doubt, will be avoided if a construction is fairly possible otherwise. *Crowell v. Benson*, 285 U.S. 22, 62, 52 S.Ct. 285, 296, 76 L.Ed. 598, 619.