PRESBYTERIAN HOSPITAL, INC., an Oklahoma non-profit corporation and FNB Leasing Company, Inc., a corporation, Appellees,

v.

BOARD OF TAX–ROLL CORRECTIONS OF OKLAHOMA COUNTY, State of Oklahoma, George Keyes, Oklahoma County Assessor, State of Oklahoma, and Joe B. Barnes, Oklahoma County Treasurer, State of Oklahoma, Appellants.

No. 58447.

Supreme Court of Oklahoma.

Dec. 26, 1984.

McAfee & Taft, Connie S. Stamets, Oklahoma City, for appellees.

Robert H. Macy, Dist. Atty., Phillis L. Walta, Frank E. Walta, Asst. Dist. Attys., Oklahoma City, for appellants.

DOOLIN, Justice.

Presbyterian Hospital, Inc. (Presbyterian), and FNB Leasing Company, Inc. (FNB) ("taxpayers" collectively) brought an action in the District Court of Oklahoma County against the Assessor, Treasurer, and Board of Tax Roll Corrections of Oklahoma County ("county" collectively). A county's board of tax roll corrections is composed of the chairman of the board of county commissioners, the chairman of the county equalization board, the county assessor, and the county clerk, who is a nonvoting member. A board of tax roll corrections is authorized to hear and determine allegations of error, mistake or difference as to any item contained in the county's tax rolls.[1]

1. 68 O.S.1981, § 2479.

The tax rolls are prepared annually by the County Assessor and contain a list of corporations in whose name any personal property has been assessed along with the assessed valuation of that personal property.[2] After the County Assessor has prepared the tax rolls, he delivers them to the County Treasurer.[3] After the County Assessor has delivered the tax rolls to the County Treasurer, they cannot be altered or corrected except by the County Treasurer on authority of a court decree on a proper certificate authorized by law.[4]

Presbyterian leases some of its hospital equipment from FNB. Presbyterian has agreed to pay any taxes which are properly assessed against the equipment it leases from FNB. In 1979, the county assessor assessed the hospital equipment for 1978 business personal property ad valorem tax. FNB paid the tax to the County Treasurer and tried to pass the cost through to Presbyterian. Presbyterian objected to the assessment on the ground that the assessed property was leased and used by a charitable hospital corporation, and should be exempt from assessment. Presbyterian leased the equipment at commercial market rates. Presbyterian and FNB allege that the leased equipment was used exclusively for hospital purposes.

FNB filed an application for correction of the assessment and for refund of the 1978 tax before the Oklahoma County board of tax roll corrections (board). The board denied the request.

The taxpayers brought the instant action in the district court pursuant to 68 O.S. 1981, § 2479, the last paragraph of which provides:

Both the taxpayer and the county assessor shall have the right of appeal from any order of the board of tax roll corrections to the district court of the same county. In case of appeal the trial in the district court shall be de novo.

The taxpayers alleged in their petition that the hospital equipment was assessed for 1978 and tax was paid in the amount of $48,412.66. In two amended petitions subsequently filed, the taxpayers alleged that the equipment was assessed for 1979 and 1980 taxes. The taxpayers did not pay the 1979 or 1980 taxes.

The taxpayers and the county filed motions for summary judgment. The trial court granted the taxpayers' motion for summary judgment and denied the motion of the county. The trial court gave this ruling in a letter dated January 4, 1982.[5] The letter concludes with a request that the taxpayers' attorney prepare a journal entry directing the county to refund the tax and correct the tax rolls.

Counsel for the county refused to approve the form of the journal entry which had been duly prepared by taxpayers' counsel. The court settled the journal entry on taxpayers' motion, adopting the journal entry which had been prepared by taxpayers.

2. Id. § 2472.

3. Id. § 2474.

4. Id. § 2479.

5. "This Court has had under advisement the motions for summary judgment filed on behalf of both sides in the above styled case. After reviewing the complete court file in this case, the stipulations entered into by the parties, the briefs submitted by both sides, and being fully advised, I have concluded that the plaintiffs' motion for summary judgment should be sustained and the motion of the defendants overruled.

More specifically, I find from the stipulations and the exhibits attached thereto that Presbyterian is a non-profit charitable hospital and that the property which it leases from FNB is used exclusively for charitable hospital purposes, all within the intent and meaning of Article X, Section 6 of the Oklahoma Constitution and 68 O.S.1971, § 2405(j). There is, therefore, no distinction, in logic, between this situation and one where Presbyterian is the owner of such property. Clearly, in such hypothetical situation of ownership, the property would be exempt from ad valorem taxes.

I would like you to prepare a journal entry consistent with my views as set out above, which concludes by directing the defendants to make a refund in the proper amount and further directs correction of the tax rolls accordingly. Present this journal entry to opposing counsel for approval as to form and then bring it to me for my signature."

The journal entry of judgment was filed on March 26, 1982.

The County filed a motion to vacate judgment on April 5, 1982. The motion was denied on April 23, 1982. The County appealed on April 26, 1982.

## I.

Taxpayers argue on appeal that the County's appeal should be dismissed as untimely filed. If the petition in error was not timely filed, this Court has no jurisdiction to hear the appeal.[6]

The Taxpayers argue as follows: The trial court rendered its judgment on January 4, 1982, at which time the court announced its decision to grant taxpayers' motion for summary judgment by letter mailed to counsel for both sides. The filing of the journal entry of judgment, on March 26, 1982, is said to be irrelevant for computing the time limit for commencing an appeal. Taxpayers contend the petition in error, filed on April 26, 1982, was not filed within thirty days of judgment, was untimely and should be dismissed.

The County argues that its appeal was taken from the trial court's decision not to vacate judgment. The County filed a motion to vacate judgment on April 5, 1982, on the grounds that the trial court lacked subject matter jurisdiction, that the judgment entered was void, and that the judgment was contrary to law. This motion was denied by letter to counsel on April 23, 1982. The petition in error was filed on April 26, 1982, and is therefore said to have been timely filed.

■ The petition in error itself states that the appeal is taken from both trial court rulings. Defendants appeal from the Court's decision sustaining plaintiff's Motion for Summary Judgment and the

Court's refusal to vacate said judgment, both of which constitute final, appealable orders.[7]

Since the County appealed from two separate orders, we test the timeliness of the petition in error from two different dates. The second order, denying the County's motion to vacate, was handed down on April 23, 1983. The petition in error was filed three days later, well within the thirty-day limit prescribed by law.[8] The first order granting taxpayers' motion for summary judgment, was handed down on January 4, 1982, and the journal entry filed on March 26, 1982.

■ Rule 1.11(a) of the Rules of Appellate Procedure provides: "Time for commencement of an appeal to review a final judgment or final order of the district court shall run from the day the decision is rendered." Judgment was rendered in this case in January when the trial court announced its final decision to the parties by letter dated January 4, 1982. Judgment is rendered when pronounced by the court; journal entry is only a record thereof.[9] Thus an appellant cannot extend his time limit for appeal by refusing to approve the form of the journal entry, after judgment has been rendered and notice given to the parties.

■ We hold that the appeal was timely as to the order denying County's motion to vacate judgment, but untimely as to the judgment itself. Therefore only such issues as were properly raised in the motion to vacate judgment will be considered on appeal.

## II.

The County's motion to vacate judgment was filed on April 5, 1982. The motion

---

**6.** See, e.g., *State v. County Beverage License No. ABL–78–145 of McMar General Stores, Inc.*, 652 P.2d 292 (Okl.1982).

**7.** Petition in Error at 3.

**8.** 12 O.S.1981, § 990, Rule 1.15(a), Rules of Appellate Procedure in Civil Cases, 12 O.S. 1981, Ch. 15, App. 2.

**9.** *Warehouse Market, Inc. v. Berry*, 459 P.2d 853 (Okl.1969). Cf. *McCullough v. Safeway Stores, Inc.*, 626 P.2d 1332 (Okl.1981) [judgment valid though journal entry not yet filed].

stated that the trial court was without jurisdiction to hear the case and that the judgment was therefore void. The motion also stated that the judgment was contrary to law.

■ The county has waived its right to challenge the trial court's decision to grant taxpayers' motion for summary judgment, regardless of whether that decision was contrary to law, since the county's petition in error was filed more than thirty (30) days after judgment was rendered.[10] An error of law does not furnish grounds for a delayed attack on the judgment.[11] The statute which prescribes the various grounds for challenging a judgment by a motion to vacate does not provide that errors of law shall constitute such a ground.[12] Therefore, the right to challenge a judgment on the ground that it is contrary to law is waived if, after thirty (30) days, no appeal has been filed.[13]

The County's claim that the trial court lacked subject matter jurisdiction presents a different issue. If the trial court had no jurisdiction, the judgment for taxpayers was void.[14] If the judgment were void, it could have been "vacated at any time, on motion of a party, or any person affected thereby."[15]

### III.

The County asserts that the trial court lacked jurisdiction to render its judgment because plaintiffs failed to follow the statutory jurisdictional (preconditional) requirements of 68 O.S. 1981, § 24342. This section provides:

Whenever any action or proceeding shall be commenced and maintained before any court or judge to prevent or to restrain the collection of any tax or part thereof or to recover any such tax previously paid, ... or to restrain, prevent recover or delay any payment of taxes; the true and just amount of taxes due ... by such person, if in dispute, must be ascertained and paid before the judgment prayed for, and if not in dispute must be paid in accordance with the provisions of this article.

The county tax officials contend that section 24342 requires a taxpayer to pay all taxes which may have been assessed prior to judgment before the trial court has jurisdiction to grant the judgment prayed for.[16]

---

**10.** Western Oklahoma Chapter of the National Electrical Contractors Association; *AFL–CIO v. State, ex rel. Corporation Commission,* 616 P.2d 1143, 1147 (Okl.1980).

**11.** *Lee v. Harvey,* 195 Okl. 178, 156 P.2d 134 (1945).

**12.** 12 O.S.1981, § 1031.

**13.** One commentator has observed that "once the 30 days limitation period has passed, the once appealable and assumedly erroneous decision will become the law of the case unless it is subject to vacation under 12 O.S., § 1031, or is void on the face of the judgment roll and subject to collateral attack." Hargrave "Brief Observations on Appealable Orders," 53 OBJ 1015 (Apr. 24, 1982).

**14.** *LaBellman v. Gleason & Sanders, Inc.,* 418 P.2d 949 (Okl.1966).

**15.** 12 O.S.1981, § 1038.

**16.** The tax officials also contend that 68 O.S. 1981, §§ 2467(a) and 2469, require the taxpayer to pay all taxes which are due as a condition precedent to maintaining an action in the dis-

trict court. Section 2467(a) does provide that "if at the time such taxes or any part thereof become delinquent, any such appeal is pending, it shall abate and be dismissed upon a showing that such taxes have not been paid." But section 2467 only applies to appeals from a county board of equalization to a district court under section 2461, or to appeals from the State Board of Equalization to the Supreme Court under section 2465. Section 2469 provides in part:
"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law ...."
This statute applies only to cases which are not on appeal, therefore it likewise would not apply to the instant appeal from the decision of the board of tax roll corrections.
The cases cited by the tax officials to support their contention that the district court had no jurisdiction to render its judgment in the instant case were all decided under language identical to that found in section 2469 today. See *St. Louis S.F. Ry. v. Hendrickson,* 127 Okl. 242, 260 P. 476 (1927); *Carpenter v. Shaw,* 134 Okl. 29, 272 P. 393 (1928); *Black v. Geissler,* 58 Okl. 335, 159 P. 1124 (1916).

The tax officials concede that 68 O.S. 1981, § 2479, suspends the protesting taxpayer's obligation to pay taxes until thirty days after the decision of the board of tax roll corrections. However, the county argues that appeal to the district court pursuant to section 2479 does not suspend further the protesting taxpayer's obligation to pay assessed taxes.

The county, on appeal, raises the issue that all taxes assessed by the date of judgment would have to be paid or the judgment itself would be void, even if the judgment held that the assessment was erroneous and the taxpayer owed no tax whatsoever.

The section on which the county relies has been on the books almost since statehood [17] and has been consistently construed throughout our state's existence.[18] On the one hand, it is error for the trial court to enter judgment for the plaintiff without requiring plaintiff to pay taxes assessed against the subject property. On the other hand, if the assessment was void, no tax need be paid prior to judgment.[19]

By the very terms of the section upon which the tax officials rely, the "amount of taxes due ... must be ascertained and paid before the judgment prayed for."[20] If no tax is due, no tax need be paid. To argue otherwise is to defy logic.

The property which is the subject of the instant suit has been adjudged exempt from taxation. The assessment was void and the plaintiffs owed no tax; such is the law of the case. Therefore the trial court had full power and authority to render judgment for plaintiffs without first requir-

ing them under section 24342 to pay any taxes allegedly due.

## IV.

The remaining issue concerns the proper procedure to be followed by a taxpayer who brings an action before a county's board of tax roll corrections for a refund of taxes paid. In this case taxpayers brought such an action for a refund of 1978 taxes. After an adverse decision by the board, the taxpayers appealed that decision to the district court for a trial de novo pursuant to section 2479. Pending the outcome of that appeal, taxes were assessed for three subsequent years. The taxpayers failed to pay the taxes assessed for those years. The taxpayers twice amended their petition in the district court, alleging the 1979 and 1980 assessments. No amended petition was filed after the 1981 assessment because the trial court had taken the case under advisement on motions for summary judgment. The county did not object to the filing of the amended petitions.

There is no question that the court had jurisdiction to decide the legal issues raised by the original petition. The only question is whether the court had jurisdiction to decide the legality of the assessments for 1979, 1980 and 1981.

It is too late for the county to challenge the procedure by which the taxpayers brought the subsequent assessments to the attention of the trial court. If the trial court had jurisdiction to decide the new issues raised by the amended petitions, any non-jurisdictional defects in the raising of those new issues has been waived by the county's failure to object in a timely fash-

**17.** See Act of January 14, 1909, Ch. 38, § 27, Okla. Sess. Laws 1909, pp. 616–17 (codified at 68 O.S.1981, § 24342; previous codification at 68 O.S.1961, § 360).

**18.** *Meriwether v. Bowling,* 184 Okl. 1, 84 P.2d 1 (1938). Cf. *Akin v. Gordon,* 197 Okl. 447, 172 P.2d 614 (1946) [court has authority to compel payment of taxes well before judgment]; *Wilcox v. Westerheide,* 199 Okl. 312, 185 P.2d 452 (1947) [until judgment, time of payment is left to trial court's discretion].

**19.** *Eakin v. Chapman,* 44 Okl. 51, 143 P. 21 (1914). See also *Wade v. Crouch,* 14 Okl. 593, 596, 78 P. 91, 92 (1904) ["The land not being subject to taxation ... it was not necessary for the plaintiff to tender or offer to pay any of the taxes ...."]; *Parks v. Lyons,* 183 Okl. 529, 532, 83 P.2d 573, (now codified as 68 O.S.1981, § 24342) ["should not be construed to require the payment of taxes when none are due."]

**20.** 68 O.S.1981, § 24342 [emphasis added].

ion. We assume, without deciding, that the county could have objected to the filing of the amended petitions, and could have insisted that the taxpayers bring an action before the board of tax roll corrections for each new assessment and pay each disputed, annual assessment as required by the statute.

We hold that the court had jurisdiction to decide the issues raised by the subsequent assessments. The court held that the assessments were void under Oklahoma Constitution, Art. X, § 6, and that determination is beyond our review because the county failed to prosecute a timely appeal of the trial court's judgment. Assuming, as we must, that the subsequent assessments were constitutionally void, the court had jurisdiction to render its decision, despite the failure of the taxpayers to file their actions before the board of tax roll corrections, and to pay the assumedly illegal taxes within thirty days of the board's hypothetical adverse decisions.

█ The constitutional provision exempting property used exclusively for charitable purposes from taxation is self-executing and exists in full force no matter what statutory, appeal procedure the legislature might enact.[21]

It should here be specially noted that the issue before us concerns a tax levy made in violation of a *constitutional* exemption. We are not presented with, nor are we hereby called upon to decide the effect of the failure of a protesting taxpayer to follow statutory, procedural rules in the contest of a tax levy on any other grounds.

Order denying judgment for defendant, AFFIRMED.

BARNES, C.J., and HODGES, HARGRAVE, WILSON, JJ., concur.

SIMMS, V.C.J., and LAVENDER, J., concur in result.

OPALA and KAUGER, JJ., concur in judgment.

**21.** *Independent School District No. 9 v. Glass,* 639 P.2d 1233 (Okl.1982); *Cox v. Dillingham,* 199 Okl. 161, 184 P.2d 976 (1947).