**AMERICAN MEDICAL INTERNATIONAL, INC., Appellant,**

v.

**James P. FEIGEL, Individually, and Janice Feigel, Individually, Appellees.**

No. 84,511.

Court of Appeals of Oklahoma, Division No. 1.

March 29, 1996.

Certiorari Denied June 5, 1996.

Stephen J. Rodolf, Leslie C. Weeks, Barkley & Rodolf, Tulsa, for Appellant.

Gary A. Eaton, Tulsa, for Appellee James P. Feigel.

Galen L. Brittingham, Kirsten E. Pace, Atkinson, Haskins, Nellis, Boudreaux, Holeman, Phipps & Brittingham, Tulsa, for Appellee Janice Feigel.

## MEMORANDUM OPINION

JOPLIN, Judge:

Appellant American Medical International, Inc. (AMI) seeks review of the trial court's orders granting summary judgment to Appellees James P. Feigel, Individually (Husband) and to Janice Feigel, Individually (Wife, or collectively, the Feigels) in AMI's action for contribution/indemnity and unjust enrichment. Herein, AMI asserts the trial court erred in granting judgment to the Feigels in the following particulars: (1) the trial court over two years previously erroneously granted judgment to Wife without reduction to Wife's loss of consortium award by the percentage of Husband's adjudicated comparative negligence, unjustly enriching Wife; and (2) AMI entitled to contribution from the comparatively negligent "joint tortfeasor" Husband.

Husband suffered injury in an automobile collision with an ambulance owned by AMI. Husband sued AMI seeking damages for negligence, and Wife asserted a claim for loss of consortium. Upon consideration of the evidence, the jury returned a verdict for Husband on his negligence claim, but found Husband fifteen percent (15%) comparatively negligent, and set Husband's damages without reduction for his comparative negligence at $2,500,000.00. The jury also returned a verdict for Wife on her loss of consortium claim, awarding her $400,000.00 in damages.

The trial court entered judgment on jury verdict for Husband, reducing the jury's award of damages to Husband by Husband's adjudicated percentage of comparative negligence. The trial court also entered judgment on jury verdict for Wife in the entire $400,000.00 sum awarded without reduction by Husband's percentage of comparative negligence. AMI thereafter satisfied the judgments by payment in full with pre-judgment interest.

Two years later, AMI commenced the instant action against Husband and Wife. As against Husband, AMI sought contribution and indemnity from Husband as a comparatively negligent joint tortfeasor to recover an alleged overpayment of Wife's damages judgment, i.e., about $74,000.00, representing 15% of Wife's $400,000.00 judgment and pre-judgment interest paid, which total judgment for Wife with interest, according to AMI, should have been reduced by Husband's 15% comparative negligence. As against Wife, AMI sought recovery of that amount by which Wife was allegedly "unjustly enriched," i.e., paid without reduction for Husband's comparative negligence.

Husband moved for summary judgment, arguing that the jury's determination of his comparative negligence did not render him a joint tortfeasor with AMI against whom a claim for contribution/indemnity would lie; the trial court agreed with Husband and granted summary judgment to him. AMI then moved for summary judgment against Wife. Wife responded, and filed a counter-motion for summary judgment, asserting that AMI's claim against her constituted an impermissible collateral attack on her paid and fully satisfied judgment. The trial court agreed with Wife, and granted summary judgment to her.

AMI thereafter sought reconsideration of both orders granting summary judgment to Husband and Wife, for the first time asserting that the satisfied judgments should be vacated or modified to reduce Wife's $400,000.00 judgment by Husband's adjudicated degree of comparative negligence as an irregularity in obtaining judgment under 12 O.S.1991 § 1031 (Third). The trial court de-

nied AMI's *motion to reconsider*, and AMI appeals.

 As an initial matter, we find that absent fraud, Husband's and Wife's fully satisfied judgments against AMI stand beyond the reach of § 1031 vacation or modification proceedings:

> Oklahoma's jurisprudence holds that a *voluntarily satisfied judgment* moots both an appeal that is lodged against it and all nisi prius vacation process. (Footnote omitted.) This is so because any errors in its entry become hypothetical or academic and hence no longer available for the exercise of judicial cognizance. (Footnote omitted.) Within the meaning of this rule, loss of jurisdiction takes place because *nothing else remains to be done in the cause before the court.*

*Stites v. Duit Const. Co., Inc.*, 903 P.2d 293, 299 (Okla.1995) (Emphasis original). *See also, Mitchell v. Lindly*, 351 P.2d 1063, 1067 (Okla.1960) ("[W]hen a judgment has been fully satisfied, it is no longer a judgment, [and] it is doubtful if it is a proper subject for the application of our statutes relating to the vacation of judgments (by motion or petition filed in the action in which they were rendered).") We consequently view the trial court's entry of judgment for Wife in accord with the jury's determination of her damages without adjustment for Husband's comparative negligence not as a mere § 1031 (Third) irregularity, but rather as a substantive error of law which could only be remedied by direct appeal from the judgments. *Presbyterian Hosp. v. Bd. of Tax Roll Corr.*, 693 P.2d 611 (Okla.1984) (error of law does not furnish ground for delayed attack on judgment; right to challenge judgment for error of law waived if no timely appeal taken); *Gaither v. City of Tulsa*, 664 P.2d 1026 (Okla.1983) (error in failing to reduce judgment by percentage of comparative negligence corrected on appeal).

 In the present case, AMI neither timely appealed the Feigels' judgments, nor properly commenced an action to vacate or modify the fully satisfied judgments by petition and summons setting forth § 1031

grounds, nor raised any § 1031 grounds until its motion to reconsider, i.e., after the trial court had ruled adversely to AMI on AMI's claims for contribution/indemnity and unjust enrichment. We therefore agree with the Feigels that insofar as AMI sought § 1031 relief from the Feigels' fully satisfied judgments, AMI's action constitutes an impermissible collateral attack.

 We likewise find AMI's claims against Husband for contribution and indemnity, and against Wife for unjust enrichment, unavailing for two reasons. First, AMI and Husband cannot be considered joint tortfeasors as to Wife's loss of consortium claim. AMI and Husband shared no *common* liability to Wife for her loss of consortium, because 12 O.S.1991 § 832 premises the right to contribution on *common* liability, and Wife has no claim against Husband for her loss of consortium with him. Thus, AMI's contribution claim premised on common liability will not stand. Second, and for lack of this common liability, we are likewise unpersuaded that Wife's derivative loss of consortium claim should be reduced by the degree of Husband's comparative negligence. *See, e.g., Laws v. Fisher*, 513 P.2d 876 (Okla.1973) (loss of consortium claim derivative to spouse's claim for damages).

We therefore hold AMI's claims against Husband for contribution/indemnity, and against Wife for unjust enrichment, constitute impermissible collateral attacks on the final, unappealed and previously satisfied judgments without legal bases. The orders of the trial court granting summary judgment to Husband and to Wife are therefore AFFIRMED.

CARL B. JONES, P.J. and GARRETT, J., concur.