VIDEO GAMING TECHNOLOGIES v. TULSA COUNTY BD. OF TAX ROLL CORRECTIONS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:VIDEO GAMING TECHNOLOGIES v. TULSA COUNTY BD. OF TAX ROLL CORRECTIONS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 VIDEO GAMING TECHNOLOGIES v. TULSA COUNTY BD. OF TAX ROLL CORRECTIONS
2019 OK 84
Case Number: 118241
Decided: 12/17/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 84, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

VIDEO GAMING TECHNOLOGIES, INC., Appellant,
v.
TULSA COUNTY BOARD OF TAX ROLL CORRECTIONS, a Political Subdivision; DENNIS SEMLER, Tulsa County Treasurer, in His Official Capacity; and JOHN A. WRIGHT, Tulsa County Assessor, in His Official Capacity, Appellees.

ON APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY,
STATE OF OKLAHOMA
HONORABLE LINDA G. MORRISSEY, DISTRICT JUDGE

¶0 Appellant brought a claim for relief from assessment of ad valorem taxes. Tulsa County Assessor moved to dismiss for lack of subject matter jurisdiction as Appellant had not paid the past-due taxes pursuant to 68 O.S.2011, § 2884. The district court granted the motion to dismiss.

ORDER OF THE DISTRICT COURT IS REVERSED; 
CAUSE REMANDED.

Elizabeth A. Price and Kurt M. Rupert, Hartzog Conger Cason & Neville, and
Kevin B. Ratliff, Ratliff Law Firm, Oklahoma City, OK, for Appellant.

Leisa S. Weintraub, General Counsel, Tulsa County Assessor's Office, Tulsa, OK, for John A. Wright, Appellee.

OPINION

DARBY, V.C.J., 

¶1 Video Gaming Technologies, Inc. (VGT), appeals from the district court's grant of Tulsa County Assessor's motion to dismiss for lack of subject matter jurisdiction. The underlying question is whether title 68, section 2884 applies to appeals from the Board of Tax Roll Corrections pursuant to title 68, section 2871. We answer in the negative.

I. STANDARD OF REVIEW

¶2 When reviewing a district court's dismissal of an action, we examine the issues de novo. Rogers v. Quiktrip Corp., 2010 OK 3, ¶ 4, 230 P.3d 853, 855-56. "A petition can generally be dismissed only for absence of any cognizable legal theory to support the claim or for insufficient facts under a cognizable legal theory." Id. ¶ 4, 230 P.3d at 856. If the court finds that it is without jurisdiction, it is its duty to dismiss the cause. 12 O.S.2011, § 2012(F)(3); Bomford v. Socony Mobil Oil Co., 1968 OK 43, ¶ 15, 440 P.2d 713, 719.

II. PROCEDURAL HISTORY

¶3 On December 6, 2018, VGT filed a complaint with the Tulsa County Board of Tax Roll Corrections protesting the 2018 assessment of ad valorem taxes on electronic gaming equipment that VGT owns and exclusively leases to the Creek Nation for gaming, claiming federal preemption. VGT again submitted their protest on April 5, 2019. On May 14, 2019, the Tulsa County Board of Tax Roll Corrections dismissed VGT's complaint with prejudice. On May 29, 2019, VGT filed a petition for review of that determination in Tulsa County District Court in accordance with title 68, section 2871.

¶4 On June 26, 2019, Assessor filed a motion to dismiss for lack of subject matter jurisdiction pursuant to title 12, section 2012(B)(1). Assessor argued that title 68, section 2884 of the Oklahoma Statutes required timely payment of taxes, and notice thereof, in order to maintain the appeal. Assessor submitted evidence that VGT had not paid the 2018 taxes and argued that VGT's failure to pay the 2018 taxes within thirty days of the Board of Tax Roll Correction's ruling was a jurisdictional bar under sections 2884(A) and 2871(B). On August 19, 2019, the Tulsa County District Court dismissed the matter for lack of subject matter jurisdiction.

¶5 VGT timely appealed under Oklahoma Supreme Court Rule 1.36 and requested that we retain the appeal. On September 26, 2019, we granted the motion to retain. On appeal, VGT argues that the district court erred in dismissing the case for lack of subject matter jurisdiction because section 2871 does not require payment of disputed taxes in order for the court to retain jurisdiction over the appeal. VGT also argues that section 2884 does not apply to appeals from the Board of Tax Roll Corrections, but only to appeals from the Board of Equalization.

III. ANALYSIS

¶6 In relevant part, section 2871 provides:

The board [of tax roll corrections] is hereby authorized to hear and determine allegations of error, mistake or difference as to any item or items so contained in the tax rolls, in any instances hereinafter enumerated, on application of any person or persons whose interest may in any manner be affected thereby . . . . When a complaint is pending before the board of tax roll corrections, such taxes as may be owed by the protesting taxpayer shall not become due until thirty (30) days after the decision of the board of tax roll corrections. When a complaint is filed on a tax account which has been delinquent for more than one (1) year, and upon showing that the tax is delinquent, the complaint shall be dismissed, with prejudice.

68 O.S.Supp. 2014, § 2871(B) (emphasis added). The enumerated provisions include assessment of property that is exempt from taxation. 68 O.S.Supp. 2014, § 2871(C)(2). Section 2871 goes on to provide:

Both the taxpayer and the county assessor shall have the right of appeal from any order of the board of tax roll corrections to the district court of the same county. In case of appeal the trial in the district court shall be de novo.

68 O.S.Supp.2014, § 2871(H).

¶7 Assessor argues that section 2884 applies to appeals pursuant to section 2871. Section 2884(A) requires:

The full amount of the taxes assessed against the property of any taxpayer who has appealed from a decision affecting the value or taxable status of such property as provided by law shall be paid at the time and in the manner provided by law. If at the time such taxes or any part thereof become delinquent and any such appeal is pending, it shall abate and be dismissed upon a showing that the taxes have not been paid.

68 O.S.Supp. 2015, §2884(A). VGT argues that footnote 16 of Presbyterian Hospital, Inc. v. Board of Tax-Roll Corrections of Oklahoma County, 1984 OK 93, 693 P.2d 611, is controlling in stating section 2884 only applies to appeals from the board of equalization. That conclusion, however, ignores the fact that the legislature has since amended the statute numerous times.

¶8 Prior to 1988, then title 68, section 2467(a) (now renumbered as section 2884) limited itself to appeals from the Board of Equalization.[1] In 1988, the Oklahoma Legislature repealed section 2467 and created the almost identical section 2884. 1988 Okla. Sess. Laws 577, 637, 672. The new statute removed the language in subsection (a) limiting applicability to appeals from the board of equalization. Amendment of a plain, unambiguous statute indicates the legislature's intention "to change or alter the law rather than to clarify it." Darby v. Okla. Tax Comm'n, 1949 OK 9, ¶ 12, 202 P.2d 978, 981.

¶9 VGT also argues that section 2884(E)(1) and (2) mandate that section 2884 is limited to appeals from boards of equalization.

In cases involving taxpayers other than railroads, air carriers, or public service corporations, if upon the final determination of any such appeal, the court shall find that the property was assessed at too great an amount, the board of equalization from whose order the appeal was taken shall certify the corrected valuation of the property of such taxpayers to the county assessor, in accordance with the decision of the court, and shall send a copy of such certificate to the county treasurer. Upon receipt of the corrected certificate of valuation, the county assessor shall compute and certify to the county treasurer the correct amount of taxes payable by the taxpayer. The difference between the amount paid and the correct amount payable, with accrued interest, shall be refunded by the treasurer to the taxpayer upon the taxpayer filing a proper verified claim therefor, and the remainder paid under protest, with accrued interest, shall be apportioned as provided by law.

If upon the final determination of any appeal, the court shall find that the property of the railroad, air carrier, or public service corporation was assessed at too great an amount, the State Board of Equalization from whose order the appeal was taken shall certify the corrected valuation of the property of the railroads, air carriers, and public service corporations to the State Auditor and Inspector in accordance with the decision of the court. Upon receipt of the corrected certificate of valuation, the State Auditor and Inspector shall certify to the county treasurer the correct valuation of the railroad, air carrier, or public service corporation and shall send a copy of the certificate to the county assessor, who shall make the correction as specified in Section 2871 of this title. The difference between the amount paid and the correct amount payable with accrued interest shall be refunded by the treasurer upon the taxpayer filing a proper verified claim, and the remainder paid under protest with accrued interest shall be apportioned according to law.

68 O.S.Supp. 2015, § 2884(E)(1),(2) (all emphasis added). The district court found that nothing in this sub-section suggests it counter-acts the general applicability of subsection (A). We disagree.

¶10 At a minimum, section 2884 is ambiguous in light of the 1988 amendments to subsection (A) and the 1997 addition of subsection (E)(2), which specifically mentions section 2871. 1997 Okla. Sess. Laws 2024, 2026-28. Section 2884(E) provides instructions for correcting the valuation of property after a final determination by the court. If subsection (E) is limited to appeals from boards of equalization, but the statute is construed to apply to appeals from the board of tax roll corrections, then section 2884 fails to provide for correcting the valuation of property from orders of the board of tax roll corrections.

¶11 In the absence of ambiguity or conflict with another enactment, we simply apply the statute according to the plain meaning. Broadway Clinic v. Liberty Mut. Ins. Co., 2006 OK 29, ¶ 15, 139 P.3d 873, 877. Terms are given their plain and ordinary meaning unless a contrary intention plainly appears. Neer v. Okla. Tax Comm'n, 1999 OK 41, ¶ 16, 982 P.2d 1071, 1078. To construe the language, "board of equalization from whose order the appeal was taken" as including appeals from orders of the Board of Tax Roll Corrections is contrary to the plain and ordinary meaning. To interpret section 2884 as including appeals from orders of the Board of Tax Roll Corrections and still apply subsection (E) according to its plain language, leaves no provision in the statute for correcting the valuation of property or obtaining a refund of previously paid taxes when the appeal to the district court arose out of section 2871. Any doubts concerning tax laws are to be resolved in favor of the taxpayer, absent discriminatory effect on other taxpayers. Neer, 1999 OK 41, ¶ 16, 982 P.2d at 1078; Neumann v. Tax Comm'n of the State of Okla., 1979 OK 64, ¶ X, 596 P.2d 530, 532. Therefore, we resolve the statutory confusion in favor of taxpayers and find that section 2884 only applies to appeals from orders from boards of equalization.

¶12 In this matter, the Tulsa County Board of Tax Roll Collections dismissed VGT's complaint on May 14, 2019. Under section 2871(B), the 2018 taxes became due 30 days later, on June 13, 2019. Appeals pursuant to section 2871, however, are not included within section 2884 and thus non-payment of the disputed tax is not a jurisdictional bar to review. The district court erred in dismissing the case for lack of subject matter jurisdiction when VGT failed to timely pay the disputed 2018 taxes.

IV. CONCLUSION

¶13 We find that title 68, section 2884 does not apply to appeals pursuant to title 68, section 2871. Timely payment of taxes is not a jurisdictional prerequisite for appeals from orders of the Board of Tax Roll Corrections. The district court erred in finding it did not have jurisdiction. Therefore, we reverse the order of dismissal and remand for further proceedings.

ORDER OF THE DISTRICT COURT IS REVERSED; 

CAUSE REMANDED.

Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Colbert and Combs, JJ. -- concur

Kane, J. -- not voting

FOOTNOTES

[1] The full amount of the taxes assessed against the property of any taxpayer who has appealed from the State Board of Equalization or any county board of equalization shall be paid at the time and in the manner provided by law; and if at the time such taxes or any part thereof become delinquent, any such appeal is pending, it shall abate and be dismissed upon a showing that such taxes have not been paid.

68 O.S. Supp.1987, § 2467(a); 1987 Okla. Sess. Laws 134, c.15, § 1.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1968 OK 43, 440 P.2d 713, BOMFORD v. SOCONY MOBIL OIL CO.
Discussed
 2006 OK 29, 139 P.3d 873, BROADWAY CLINIC v. LIBERTY MUTUAL INSURANCE CO.
Discussed
 2010 OK 3, 230 P.3d 853, ROGERS v. QUIKTRIP CORP.
Discussed
 1979 OK 64, 596 P.2d 530, NEUMANN v. TAX COM'N
Discussed
 1949 OK 9, 202 P.2d 978, 201 Okla. 159, DARBY v. OKLAHOMA TAX COMM'N
Discussed
 1999 OK 41, 982 P.2d 1071, 70 OBJ 1551, Neer v. State ex rel. Oklahoma Tax Commission
Discussed at Length
 1984 OK 93, 693 P.2d 611, Presbyterian Hosp., Inc. v. Board of Tax-Roll Corrections of Oklahoma County
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Cited
Title 68. Revenue and Taxation
 Cite
Name
Level

 68 O.S. 2467, Repealed
Cited
 68 O.S. 2871, Corrections or Alterations after Delivery - Board of Tax Roll Corrections - Hearing - Error in Taxes - Right of Appeal
Discussed at Length
 68 O.S. 2884, Payment of Full Amount of Taxes with Notice to Appeal
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA